LISA JO MORELLI, Appellant, *v.* ROBERT
J. MORELLI, Respondent.

No. 16705

June 26, 1986                                        720 P.2d 704

---

*Edward B. Horn,* Reno, for Appellant.

*Bradley & Drendel* and *Thomas Drendel,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal arises out of a settlement agreement between respondent and appellant's mother (hereinafter wife), entered into in March 1977. The settlement agreement was later ratified, approved and incorporated as part of the decree of divorce. That

agreement provided that respondent would pay alimony to the wife until 1982. The alimony payment included funds for child support. The agreement also provided that in the event of the wife's death or remarriage, respondent would remain obligated to pay $475 per month per child for child support.

The agreement further specified that respondent would pay child support until each child reached the age of majority, died, married or was emancipated, provided, however, that such payments would continue until twenty-two years of age for each child who attended college and maintained a ''C'' average or better.

Finally, the agreement provided that respondent would also pay the costs of tuition for college ''as the parties may reasonably agree upon as the college or other school most appropriate for attendance by such child or children.''

At the time the agreement was entered into, appellant was fourteen years old. The wife died about two years later. After living for a time with respondent, appellant decided to move in with another family. At that time, respondent paid the family $5,400 for appellant's support until she turned eighteen. After appellant's eighteenth birthday, respondent paid no additional child support. Appellant started college in the fall after graduation from high school. She always maintained better than a ''C'' average.

The district court found that respondent was responsible for the costs of appellant's tuition, but was not responsible for child support arrearages due, in part, to appellant's lack of standing to enforce such payments. For the reasons set forth below, we reverse and remand to the district court.

Appellant contends that she does have standing to enforce the provisions of the property settlement agreement. We agree. It is clear that appellant is an intended third party beneficiary of the agreement between her parents. Lipshie v. Tracy Investment Co., 93 Nev. 370, 566 P.2d 819 (1977). It is also clear that the agreement includes specific provisions in case of the wife's death. Normally courts are reluctant to give children standing to enforce the payment of child support because the party directly entitled to receive such payments, usually the custodial parent, is responsible for managing the child's financial needs and accordingly, should and ordinarily would seek enforcement. However, courts have recognized that special circumstances may arise that give the child standing. In Drake v. Drake, 455 N.Y.S.2d 420 (Sup.Ct.App.Div. 1982), the Supreme Court of New York addressed the case of a child who sued to enforce the terms of a separation agreement between her parents. In that case, the court determined that the child lacked standing, however, the court stated:

We have no doubt that circumstances may arise, such as death or disability, or outright refusal of a contracting parent to seek enforcement of periodic support provisions for a child, which would give a child the necessary standing to enforce the agreement.

*Id.* at 424. The special circumstances giving rise to the recognition of standing in a child to enforce an order of support exist in the case before us. We conclude that appellant has standing.

Respondent entered into a contract wherein he agreed to pay child support. There is no evidence in the record of any defense that would relieve respondent of his responsibilities under that contract. The agreement specifically provides that respondent will pay child support until each child reaches the age of twenty-two if the child attends college and maintains at least a "C" average. The evidence in the record shows that appellant fulfilled these requirements. Generally, a contract will be interpreted in accordance with the intentions of the parties. *See* Club v. Investment Co., 64 Nev. 312, 182 P.2d 1011 (1947). Nevertheless, respondent asks this Court to uphold the decision of the trial court as to child support because appellant did not communicate with him and he did not know she was in college. The uncontroverted evidence reflects, however, that respondent wanted no contact from his daughter. In Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967), this Court stated, "an interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to harsh or unreasonable results." *Id.* at 112. To excuse respondent of his contractual obligation due, in part, to his own desire not to have any communication from his daughter would be unreasonable. Therefore, respondent has a contractual duty to pay appellant $475 per month from the time she was sixteen to the time she reached the age of twenty-two.

Finally, the contract also provides that respondent will "pay the cost of tuition for the college or other school as the parties may reasonably agree upon as the college or other school most appropriate for attendance by such child or children." That provision requires the reasonable agreement of the parties. However, the parties are the husband and wife. Once the wife died, the provision could no longer operate. Respondent contends that appellant, as a third party beneficiary, steps into the shoes of the wife. Such an interpretation is a misstatement of the law. A third party beneficiary who seeks to enforce a contract does so subject to the defenses that would be valid as between the parties. Britton

v. Groom, 373 P.2d 1012 (Okl. 1962). However, the wife's death makes the compliance with that provision impossible—it does not shift the responsibility to appellant. Therefore, the district court was correct in finding that respondent is liable to appellant for the costs of her tuition.

In accordance with the foregoing, respondent must pay $475 per month in child support for ten months of 1979, all of 1980, all of 1981, all of 1982, all of 1983 and seven months of 1984. This amounts to 65 months at $475 per month for a total of $30,875 in child support. Respondent paid $5,400 of the $8,075 due for appellant's support for the seventeen months before she turned eighteen. We, therefore, conclude that respondent should receive an offset in the amount of $5,400 against the total child support owed.

However, when an amount is due under a contract and it is not paid when due, interest is payable. NRS 99.040 provides:

> When there is no express contract in writing fixing a different rate of interest, interest must be allowed at the rate of 12 percent per annum upon all money from the time it becomes due.

This means that each of the child support payments should accrue interest from the date each payment was due.

We therefore remand this case to the district court for a determination of interest owing on the child support arrearages and for entry of judgment consistent with this opinion.[1]

MOWBRAY, C. J., SPRINGER, GUNDERSON, and STEFFEN, JJ., concur.

---

[1]JUSTICE CLIFF YOUNG voluntarily recused himself from consideration of this case and took no part in its disposition.