VOSBURG EQUIPMENT, DITCH-WITCH OF NEVADA, J.G.K. LEASING COMPANY, AMERICAN ELECTRIC CORPORATION, AND FRANKLIN AND McINNIS PROPERTIES, AND FRANKLIN AND McINNIS MASONRY, INC., APPELLANTS, v. FRANK ZUPANCIC, DBA F & Z CONSTRUCTION, RESPONDENT.

No. 17425

May 29, 1987                                    737 P.2d 522

[Rehearing denied June 25, 1987]

*Bill C. Hammer,* Las Vegas, for Appellants.

*Mark Brandenburg,* Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This action was brought by appellants Vosburg, Galliher, and McInnis,[1] to be called "Plaintiffs," against respondent Zupancic, to be called "Defendant." Plaintiffs sued defendant for breach of an oral agreement in which the four parties agreed to share equally in attorneys' fees and court costs and to share equally in any recovery from their claims against Clark County. Plaintiffs' and defendants' independent tort claims arose out of flood damage to the four parties' property.

Although defendant claimed that the agreement of the parties was too indefinite to be enforced, the district court found that the parties had "orally agreed to share equally in the total amount recovered, and to continue to finance the litigation by each paying one-fourth (¼) of the costs and attorney's fees." There is substantial evidence from the testimony of witness Lee, and of Vosburg, Galliher, and McInnis to support the district court's finding that the parties did agree to divide equally "any recovery" as opposed to Zupancic's claim that the agreement was to divide only those proceeds from a trial judgment.

A contract should be construed, if logically and legally permissible, so as to effectuate valid contractual relations, rather than in a manner which would render the agreement invalid, or render performance impossible. Reno Club, Inc. v. Young Investment

---

[1]Vosburg represents Vosburg Equipment, dba Ditch-Witch of Nevada; Galliher represents J.G.K. Leasing Company and American Electric Corporation; McInnis represents Franklin and McInnis Properties and Franklin and McInnis Masonry, Inc.; Zupancic represents F & Z Construction.

▮▮▮▮▮▮▮▮▮▮▮▮

Co., 64 Nev. 312, 182 P.2d 1011 (1947); *cf.* Morelli v. Morelli, 102 Nev. 326, 720 P.2d 704 (1986).

▮▮▮▮▮▮▮

Holding, as we do, that there was a subsisting contract among the parties, the only issue remaining is to decide whether the trial judge erred in ruling, sua sponte, that such an agreement was by its very nature champertous and therefore unenforceable at law. We conclude that the contract was not champertous and that the contract is enforceable. The case is remanded to the district court for entry of judgment in plaintiffs' favor.

In 1890 this court held that even in the absence of statute it was, under the common law of England, unlawful to "maintain the suit of another" unless the person maintaining the suit "has some interest in the subject of the suit." Gruber v. Baker, 20 Nev. 453, 469 (1890). In Lum v. Stinnett, 87 Nev. 402, 408, 488 P.2d 347, 350 (1971), we recognized the "common law offense of maintenance" as existing "when a person without interest in a suit officiously intermeddles therein by assisting either party with money or otherwise to prosecute or defend it." Champerty is maintenance with the additional feature of an agreement for the payment of compensation or personal profit from the subject of the suit. *Lum,* 87 Nev. at 408, 488 P.2d at 350.

The quoted language suggests the nature of the issue in this case, namely, whether all of the parties maintaining the law suit had "some interest in the subject of the suit." In the dissent in *Gruber,* 20 Nev. at 484, Justice Belknap quoted Judge Story on this point:

> 'The doctrine of common law as to champerty and mainte-
> nance is to be understood with proper limitations and qualifi-
> cations, and cannot be applied to a person having an interest,
> or believing that he has an interest, in the subject in dispute,
> and *bona fide* acting in the suit, for he may lawfully assist in
> the defense or maintenance of that suit.' (2 Story Eq. Jur.
> Sec. 1048.)

In the case before us there is no officious intermeddling. The parties, rather, were lawfully assisting each other in the mainte-
nance of the suit. There is no affront to the reason for the rule against champerty and maintenance which is "to prevent litiga-
tion and the prosecution of doubtful claims by strangers to them." *Gruber,* 20 Nev. at 469. These people were not strangers; they were claimants with common claims.

What occurred in this case was that four claimants with legiti-
mate, *bona fide* claims against the county decided to pool their resources. They collectively retained the services of one attorney and agreed each to pay one-fourth of the costs of litigation. The parties had unliquidated claims in different amounts. As costs of litigation mounted, two of the parties complained that their share

of costs was exceeding their expectation of recovery and that they wished to withdraw. Acting on this indication the four parties agreed that they would continue to prosecute the law suit and would share equally in recovery. The aggregate sum of $52,702.49 was recovered by settlement with the county. Three parties (plaintiffs) agreed to comply with their agreement. Zupancic (defendant) repudiated the agreement. Aside from the fact that it is inherently unfair for Zupancic to avoid this agreement, it must be concluded that the agreement had no tendency to encourage the "prosecution of doubtful claims by strangers" and that its enforcement is in no way contrary to the public policy of this state.

This case is clearly distinguishable from the *Lum* case. In that case there was an agreement between a medical malpractice claimant and an insurance company that the claimant would not execute against one of the defendant doctors. Clearly the insurance company was not a party to the law suit and was "intermeddling" in a law suit in which it had no interest.

Here no party was intermeddling or promoting a suit or defense in which he had no interest. None of the reasons for applying the rule against "maintaining the suit of another" are applicable here, and the agreement of the parties may be enforced.

This case is reversed with instructions to enter judgment for the parties in accordance with their agreement.

GUNDERSON, C. J., and STEFFEN, YOUNG, and MOWBRAY, JJ., concur.