**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS
HEALTH AND WELFARE TRUST;
TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS JOINT
PENSION TRUST; TRUSTEES OF THE
CONSTRUCTION INDUSTRY AND
LABORERS VACATION TRUST,
            *Plaintiffs-Appellees,*

            v.

HARTFORD FIRE INSURANCE
COMPANY; HARTFORD ACCIDENT AND
INDEMNITY COMPANY; RICHARDSON
CONSTRUCTION, INC.,
            *Defendants-Appellants.*

No. 04-16546

D.C. No.
CV-98-1246-PMP

ORDER*

Filed March 8, 2007

Before: Alex Kozinski and Raymond C. Fisher,
Circuit Judges, and Frederic Block,** District Judge.

---

## COUNSEL

Theodore Parker, III, Parker, Nelson & Arin, Chtd., Las
Vegas, Nevada, for the defendants-appellants.

---

*We exercise our inherent authority to construe the notice of appeal as
having been filed under the correct docket number (D.C. No. CV-98-
1246-PMP).

**The Honorable Frederic Block, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

2711

Andrew S. Brignone, Adam P. Segal, Schreck Brignone, Las Vegas, Nevada, for the plaintiffs-appellees.

## ORDER

We respectfully certify to the Nevada Supreme Court the questions of law set forth in Section III of this order, pursuant to Nev. R. App. P. 5. The questions of law are determinative of the matter pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court. All further proceedings are stayed pending receipt of the answer to the certified question. This panel retains jurisdiction over further proceedings in this court. The parties will notify the Clerk of this court within one week after the Nevada Supreme Court accepts or rejects the certification and, if the certification is accepted, again within one week after that court renders its opinion.

## I.   Background

Richardson Construction, Inc. ("Richardson") was the general contractor on a number of Nevada public works projects. Richardson subcontracted some of the work to Desert Valley Landscape and Maintenance, Inc. ("DVL"). Richardson also entered into an agreement with Hartford Fire Insurance Company ("Hartford") and its related entities, whereby Hartford agreed to serve as surety on a number of payment bonds required by Nev. Rev. Stat. § 339.025. Pursuant to these bonds, Richardson and Hartford agreed to be jointly and severally liable for "labor, materials and equipment furnished for use in the performance of [DVL's] Construction Contract."

DVL was required to make payments to certain trusts administered on behalf of Local 872's union members. However, DVL never made those payments, and the trustees brought suit against DVL. After DVL declared bankruptcy,

the trustees amended their complaint to allege state-law claims against Richardson and Hartford. The trustees' claims against Richardson were based on Nev. Rev. Stat. § 608.150. Under section 608.150, a general contractor is liable for a subcontractor's nonpayment of labor and materials. The claims against Hartford were based on Nev. Rev. Stat. § 339.035(1), under which "any claimant who has performed labor or furnished material in the prosecution of the work provided for in any contract for which a [statutorily required] payment bond has been given . . . may bring an action on such payment bond in his own name to recover any amount due him for such labor or material." Since the trustees didn't directly perform labor or furnish material, their claims against Hartford were premised on the theory that they "stood in the shoes" of union members who had worked on the projects. *See United States ex rel. Sherman* v. *Carter Constr. Co.*, 353 U.S. 210, 220 (1957) ("The trustees [of union welfare funds] stand in the shoes of the employees and are entitled to enforce their rights.").

The district court granted summary judgment to the trustees on their claims. Richardson and Hartford appealed.[1]

## II.   Discussion

When, as here, a contractor is required to furnish a payment bond under Nev. Rev. Stat. § 339.025, "[a]ny claimant who has a direct contractual relationship with any subcontractor of the contractor . . . but no contractual relationship, express or implied, with such contractor" must provide the contractor with written notice of the materials and services provided. Nev. Rev. Stat. § 339.035(2). The statute is silent as to claimants who have no direct contractual relationship with the subcontractor.

---

[1]The district court entered default judgment against DVL, who is no longer a part of this action.

The laborers didn't provide written notice either to Richardson, the contractor, or to Hartford, its surety, as required by Nev. Rev. Stat. § 339.035(2). While the union has a contractual relationship with DVL, the trustees now bring suit as third-party beneficiaries of that contract. The trustees are not signatories to the collective bargaining agreements, and thus have no "direct contractual relationship" with DVL, the subcontractor. As such, it appears from the language of the statute that the trustees need not comply with the notice provisions of Nev. Rev. Stat. § 339.035(2).

This, however, would allow third-party beneficiaries to avoid complying with a statutory obligation that binds the contracting parties. This result seems to be inconsistent with policy previously expressed in Nevada caselaw. *See Bemis* v. *Estate of Bemis*, 967 P.2d 437, 441 n.3 (Nev. 1998) (per curiam) ("[W]e are cognizant of the rule that a third-party beneficiary is subject to any defense arising from the contract that is assertable against the promisee."); *Morelli* v. *Morelli*, 720 P.2d 704, 706 (Nev. 1986) (per curiam) ("A third party beneficiary who seeks to enforce a contract does so subject to the defenses that would be valid as between the parties."). No Nevada case has decided whether the notice requirements of section 339.035(2) apply to third-party beneficiaries.

### III.   Questions of Law

The questions of law we hereby certify are:

**1**.   In order to recover against a defendant surety under Nev. Rev. Stat. § 339.035(1), must plaintiff trustees, who are not in a direct contractual relationship with the subcontractor, comply with the notice requirements of Nev. Rev. Stat. § 339.035(2)?

**2**.   In order to recover against a defendant contractor under Nev. Rev. Stat. § 608.150 in a case where unpaid trust fund contributions are covered by a statutory payment bond,

*see* Nev. Rev. Stat. § 339.025, must plaintiff trustees, who are not in a direct contractual relationship with the subcontractor, comply with the notice requirements of Nev. Rev. Stat. § 339.035(2)?

In response to the questions listed above, the Nevada Supreme Court shall not be bound by the manner in which we have phrased the questions.

\* \* \*

We request that the Nevada Supreme Court accept and decide the questions herein certified. We agree to abide by the Nevada Supreme Court's decision as specified by Rule 5 of the Nevada Rules of Appellate Procedure, which states that "[t]he written opinion of the Supreme Court stating the law governing the questions certified . . . shall be res judicata as to the parties."

The Clerk of this court is hereby directed to file in the Nevada Supreme Court, under official seal of the Ninth Circuit Court of Appeals, copies of all relevant briefs and an original and ten copies of this request with certificate of service on the parties.

This appeal is withdrawn from submission and will be resubmitted following receipt of the Nevada Supreme Court's opinion on the questions certified.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.