**130 Nev., Advance Opinion 58**

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONNA WOOD, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF DANNY WOOD,
Appellant,
vs.
KEN GERMANN; MICHAEL LINTON;
MERIDIAN FORECLOSURE SERVICE,
INC., A FOREIGN CORPORATION;
AND INDYMAC MORTGAGE
SERVICES,
Respondents.

No. 62768



**FILED**

AUG 07 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Affirmed.*

Brandon L. Phillips, Attorney at Law, PLLC, Las Vegas,
for Appellant.

Brooks Hubley LLP and Michael R. Brooks and Jeffrey J. Todd, Las Vegas,
for Respondents.

BEFORE HARDESTY, DOUGLAS and CHERRY, JJ.

*OPINION*

PER CURIAM:

In this appeal, we examine the legal effect of a loan assignment from a homeowner's original lender to a subsequent purchaser

 
14-25853

when that assignment violates the terms of the original lender and subsequent purchaser's Pooling and Servicing Agreement (PSA). In particular, we consider whether a loan assignment that is executed after the PSA's "closing date" renders the assignment void and ineffective to transfer ownership of the homeowner's loan. We conclude that a post-closing-date loan assignment does not render the assignment void, but merely voidable, and that a homeowner therefore lacks standing to rely on the timing of the assignment as a basis for challenging the subsequent purchaser's authority to enforce the loan. We therefore affirm the district court's denial of appellant's petition for judicial review.

## FACTS

In conjunction with obtaining a 2004 home loan from IndyMac Bank, F.S.B., appellant Danny Wood[1] executed a promissory note and deed of trust in favor of IndyMac F.S.B. The deed of trust indicated that IndyMac F.S.B. was appointing Mortgage Electronic Registration Systems, Inc. (MERS), as the legal beneficiary of the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 256-57 (2012) (explaining this practice and considering its legal implications). Shortly thereafter, IndyMac F.S.B. contracted to sell appellant's loan and others to Deutsche Bank National Trust Company, who, in turn, was to maintain ownership of these loans as the trustee for investors of a securitization trust. *See BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 173 (2d Cir. 2012) (summarizing the process of loan securitization); *Cervantes v. Countrywide Home Loans,*

---

[1]While this appeal was pending, Donna Wood, as personal representative of Danny Wood's estate, was substituted as the appellant. NRAP 43(a)(1).

*Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011) (same). IndyMac F.S.B.'s and Deutsche Bank's respective obligations were spelled out in a PSA. As relevant to this appeal, the PSA required IndyMac F.S.B. to transfer all subject loans into the trust by a September 2004 "closing date" and provided that IndyMac F.S.B. would retain the servicing rights to the transferred loans.

Appellant defaulted on his loan and elected to participate in Nevada's Foreclosure Mediation Program (FMP) in 2012. Appellant, who was not represented by counsel, attended mediation with respondent IndyMac Mortgage Services, who appeared as Deutsche Bank's loan servicer and representative.[2] Among other documents, IndyMac Mortgage Services produced certified copies of appellant's original promissory note that IndyMac F.S.B. had endorsed in blank, appellant's deed of trust, and an assignment from MERS purporting to assign appellant's deed of trust and promissory note to Deutsche Bank in January 2012. The mediation concluded unsuccessfully, with the mediator noting summarily that appellant disputed whether IndyMac Mortgage Services had complied with the FMP's document-production requirements.

Appellant, then represented by counsel, filed a petition for judicial review in district court. Appellant argued that his loan had been improperly securitized and that, consequently, IndyMac Mortgage

---

[2]IndyMac F.S.B., which was Deutsche Bank's original servicer and appellant's original lender, subsequently entered FDIC receivership, and OneWest Bank acquired IndyMac F.S.B.'s assets. Respondent IndyMac Mortgage Services is a division of OneWest Bank. Although the other named respondents in this appeal were involved to some extent in the underlying mediation, the issues presented in this appeal do not directly concern those respondents.

SUPREME COURT
OF
NEVADA

(O) 1947A

Services had failed to establish that Deutsche Bank owned his note and held the beneficial interest in his deed of trust. Specifically, according to appellant, because the terms of the PSA required appellant's original lender to transfer his loan to Deutsche Bank no later than the PSA's September 2004 closing date, the January 2012 MERS assignment necessarily violated the PSA's terms and was therefore "void." The district court denied appellant's petition for judicial review, and this appeal followed.

## DISCUSSION

On appeal, appellant maintains his argument that the January 2012 MERS assignment was "void" because it was executed after the PSA's closing date. According to appellant, because the assignment was void, respondents therefore failed to produce the documents necessary to demonstrate that Deutsche Bank was the entity entitled to enforce his note and to foreclose.[3] While appellant points to an unpublished New

---

[3]Respondents suggest that the FMP judicial review process should be limited to determining whether the required documents have been produced and that a homeowner's concerns regarding the veracity of those documents are beyond the FMP's limited scope. We disagree with this suggestion. As this court has repeatedly recognized, the purpose of the FMP's document-production requirements is to ensure that the party seeking to enforce the homeowner's promissory note and to proceed with foreclosure is actually authorized to do so. *Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. ___, ___, 290 P.3d 249, 251 (2012); *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 255 (2012); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1279 (2011). It is not difficult to envision how this purpose might be defeated if a homeowner were prohibited from challenging the veracity of a lender's documents. Thus, we reject respondents' broader proposition. To the extent that respondents are simply suggesting that not all document-related improprieties call into question a party's authority to enforce the

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

York trial court decision in arguing that an assignment executed after a PSA's closing date is void, *see Wells Fargo Bank, N.A. v. Erobobo*, No. 31648/2009, 2013 WL 1831799, at *8 (N.Y. Sup. Ct. Apr. 29, 2013), and while some authority exists to support that argument, *see, e.g., Glaski v. Bank of Am., N.A.*, 160 Cal. Rptr. 3d 449, 463 (Ct. App. 2013), most courts to consider this issue instead hold that the assignment is voidable at the option of the parties to the PSA.

These courts have recognized that a PSA is a contract between the originating lender and the subsequent purchaser/trustee and that, under traditional principles of contract law, a contracting party is capable of ratifying conduct that is done in violation of the contract. *See, e.g., Rajamin v. Deutsche Bank Nat'l Trust Co.*, ___ F.3d ___, ___, 2014 WL 2922317, at *7-9 (2d Cir. 2014); *Calderon v. Bank of Am., N.A.*, 941 F. Supp. 2d 753, 766-67 (W.D. Tex. 2013); *Dernier v. Mortg. Network, Inc.*, 87 A.3d 465, 473-74 (Vt. 2013). Thus, although a post-closing-date loan assignment violates the terms of the PSA, these courts conclude that such an assignment is not void,[4] but is merely voidable, because the trustee has

---

*...continued*

note and to foreclose (and may therefore not require further district court scrutiny), we agree with this proposition.

[4]A scenario in which a loan assignment might be void is where the assignor did not possess the rights it was purporting to assign. *See Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013). Here, while appellant raises various arguments regarding the authority of MERS to assign his loan, this court has confirmed MERS' authority to assign a loan on behalf of an original lender or the original lender's successor. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 258 (2012). Because appellant's deed of trust contains language identical to the language considered in *Edelstein*, appellant's arguments regarding MERS' authority do not warrant further consideration.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the option of accepting the loan assignment despite its untimeliness. *See, e.g., Rajamin*, ___ F.3d at ___, 2014 WL 2922317, at \*9; *Calderon*, 941 F. Supp. 2d at 766-67; *Dernier*, 87 A.3d at 474. Applying these traditional principles of contract law, these courts further hold that the homeowner, who is neither a party to the PSA nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment. *See, e.g., Rajamin*, ___ F.3d at ___, 2014 WL 2922317, at \*7-8; *Calderon*, 941 F. Supp. 2d at 767; *Dernier*, 87 A.3d at 474-75.

We are persuaded by the reasoning of these courts because their reasoning comports with Nevada law regarding who is entitled to enforce a contract.[5] *See Morelli v. Morelli*, 102 Nev. 326, 328, 720 P.2d 704, 705-06 (1986) (recognizing that a nonparty to a contract has standing to enforce the contract only when the nonparty is an intended third-party beneficiary). Thus, we conclude that the January 2012 MERS assignment was not void, but was merely voidable, as Deutsche Bank was entitled to ratify the post-closing-date loan assignment; and appellant, who is neither a party nor an intended third-party beneficiary of the PSA, lacked standing to challenge the assignment's validity. Consequently, by

---

[5]Appellant contends that consideration of this issue should be governed by New York trust law, which, under N.Y. Estates, Powers & Trusts Law § 7-2.4 (McKinney 2002), purportedly renders a trustee's ultra vires act void. We note that the "vast majority" of courts to consider this argument, *Butler v. Deutsche Bank Trust Co. Ams.*, 748 F.3d 28, 37 n.8 (1st Cir. 2014), including those that this opinion follows, *see Rajamin*, ___ F.3d at ___, 2014 WL 2922317, at \*9-11; *Calderon*, 941 F. Supp. 2d at 766; *Dernier*, 87 A.3d at 473-75, have rejected the contention that a loan assignment in violation of a PSA is void. *See also Bank of Am. Nat'l Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 8-9 (Ill. App. Ct. 2012) (reaching the same conclusion).

SUPREME COURT
OF
NEVADA

(O) 1947A

appearing at the mediation and producing certified copies of appellant's original promissory note, deed of trust, and the January 2012 MERS assignment, IndyMac Mortgage Services produced the documents necessary to establish that Deutsche Bank was the entity entitled to enforce appellant's note and to proceed with foreclosure. NRS 107.086(4) and (5) (2011)[6] (providing that a deed of trust beneficiary must bring to the mediation the original or a certified copy of the deed of trust, mortgage note, and each assignment of the deed of trust or note, and that the beneficiary or its authorized representative must participate in good faith in order to obtain an FMP certificate); *see Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011) (discussing document-production requirements under the FMP's statutory and rule provisions). The district court therefore properly denied appellant's petition for judicial review and ordered the issuance of an FMP certificate. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (noting that this court defers to the district court's factual determinations and reviews de novo its legal determinations in appeals from orders resolving FMP petitions for judicial review).

## *CONCLUSION*

A loan assignment made in violation of a PSA is not void, but merely voidable and may be ratified or rejected at the option of the parties

---

[6]Effective October 1, 2013, the Legislature added a new subsection 4 to NRS 107.086. *See* 2013 Nev. Stat., ch. 536, §§ 3, 6(2), at 3480, 3484. While the previous subsections 4 and 5 were not substantively changed, they are now codified at NRS 107.086(5) and (6) (2013). Because the mediation in this case took place before the 2013 amendment's effective date, this opinion refers to the version of NRS 107.086 in effect at that time.

SUPREME COURT
OF
NEVADA

(O) 1947A

to the PSA. Because the homeowner is neither a party to nor an intended beneficiary of the PSA, the homeowner lacks standing to contest the assignment's validity. Here, although respondents produced an assignment at the mediation that was executed after the PSA's closing date, the assignment was nevertheless effective to transfer ownership of appellant's loan to Deutsche Bank. Consequently, respondents produced the documents necessary to establish that Deutsche Bank was entitled to enforce appellant's note and to proceed with foreclosure. We therefore affirm the judgment of the district court.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A