TOBLER AND OLIVER CONSTRUCTION COMPANY, Appellant, *v.* BOARD OF TRUSTEES OF THE HEALTH AND INSURANCE FUND FOR CARPENTERS LOCAL UNION NO. 971; ROWLAND OAKES, E. W. McKENZIE, MEL HANCOCK, GROVE R. HOLCOMB, STANLEY WOODSON, JOHN PRUITT; BOARD OF TRUSTEES OF THE PENSION TRUST FUND FOR CARPENTERS LOCAL UNION NO. 971; JOHN O. MORMAN, ROWLAND OAKES, MEL HANCOCK, E. W. McKENZIE, BURKE H. MORRISON and JOHN PRUITT; BOARD OF TRUSTEES OF THE CARPENTERS' JOINT APPRENTICESHIP COMMITTEE FUND FOR CARPENTERS LOCAL UNION NO. 971; MANFORD I. HARDESTY, JAMES W. TEIPNER, Jr., FRED FORSON, Jr., JOHN O. MORMAN, PRIMO BERTOLDI, and MARION HANSON; BOARD OF TRUSTEES OF THE CONSTRUCTION WORKERS HEALTH AND SECURITY TRUST FUND FOR CONSTRUCTION WORKERS LOCAL UNION NO. 169; EVERETT BRUNZELL, SAM SAVINI, DUANE RAMSEY, LOUIS PALEY, DONALD GIRD, and ELMO RECANZONE; and BOARD OF TRUSTEES OF THE CONSTRUCTION WORKERS VACATION SAVINGS TRUST FUND FOR CONSTRUCTION WORKERS LOCAL UNION NO. 169; DUANE RAMSEY, SAM SAVINI, EVERETT BRUNZELL, DONALD GIRD, CHARLES CARTER and ELMO RECANZONE, Respondents.

No. 5473

July 3, 1968             442 P.2d 904

*Theodore H. Stokes,* of Carson City, for Appellant.

*Lorin D. Parraguirre,* of Reno, for Respondents.

## O P I N I O N

By the Court, BATJER, J.:

During the months of September and October of 1966, the appellant, Tobler and Oliver Construction Company, was the general contractor for the construction of a micro-wave station. White Concrete Co., Inc., was the sub-contractor for the appellant.

White had bound itself under the terms of a collective bargaining agreement with the respondents to pay specified amounts of employer contributions into certain trust funds for the benefit of the employees covered by the agreement.

White failed to carry out its sub-contract and did not pay all of its labor bills. As required by NRS 608.150,[1] Tobler paid

---

[1] NRS 608.150 (is hereby amended to read as follows):

"1. Every original constructor making or taking any contract in this state for the erection, construction, alteration or repair of any building or structure, or other work, shall assume and be held liable for the indebtedness for labor incurred by any subcontractor or any contractors acting under, by or for the original contractor in performing

off the balance of White's labor indebtedness and in addition paid the insurance premiums owed to the Nevada Industrial Commission. However, Tobler did not pay the amount owed by White to the respondents under the terms of the collective bargaining agreement.

The respondents sued both Tobler and White for the sum of $1,064.59 due under the agreement, plus costs and attorneys fees. Shortly after suit was commenced, White confessed judgment in the amount prayed for in the complaint. The respondents then moved for summary judgment as against Tobler.

In opposition to the motion for summary judgment an affidavit was executed by Tobler's office manager stating that "all claims for indebtedness for labor" owing by Tobler because of White's default had been paid.

Upon the pleadings and proceedings on file, the lower court granted the respondents motion for summary judgment in the sum of $1,064.59, together with costs in the amount of $38.00, and attorney fees in the amount of $250. This appeal is taken from the order for summary judgment and judgment.

Both parties agree that the sole question on this appeal is the propriety of the lower court's order granting summary judgment.

Even though the appellant admits that White was in complete default, it nevertheless contends that the respondents were obligated to exhaust all possibilities of recovery against White before they could avail themselves of the benefits under NRS 608.150. The appellant cites no authority to support its position, nor does the wording of NRS 608.150 lend any support to its contention.

---

any labor, construction or other work included in the subject of the original contract, for labor, and for the requirements imposed by chapter 616 of NRS.

"2. It shall be unlawful for any contractor or any other person to fail to comply with the provisions of subsection 1, or to attempt to evade the responsibility imposed thereby, or to do any other act or thing tending to render nugatory the provisions of this section.

"3. Every person violating any of the provisions of this section shall be punished by a fine of not more than $250 for each act. In addition thereto, the district attorney of any county wherein the defendant may reside or be found shall institute civil proceedings against any such original contractor failing to comply with the provisions of this section in a civil action for the amount of all wages and damage that may be owing or have occurred as a result of the failure of any subcontractor acting under the original contractor, not exempt by law, shall be subject to attachment and execution for the payment of any judgment that may be recovered in any action under the provisions of this section."

The appellant also argues as a cardinal rule that facts asserted by the party opposing the motion for summary judgment must be taken as true and as a corollary of that rule that a motion for summary judgment admits all allegations of fact contained in the opposing party's pleadings. We find the appellant's reasoning in this regard to be untenable.

NRCP 56(e) reads in pertinent part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964).

The intent of the rule is clear and unambiguous. The party opposing the motion for summary judgment may not assume that the allegations and assertions in his pleadings will be taken as true. Here appellant's pleadings and supporting affidavit do not set out any specific facts that show there is a genuine issue for trial.

The appellant further contends that respondents are not entitled to summary judgment because their complaint is unverified and no supporting affidavits were filed by respondents with their motion for summary judgment. This contention is without merit. The appellant has cited no special rule or statute requiring that a complaint filed pursuant to NRS 608.150 be verified. Independent research reveals none. NRCP 11 reads in part: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information and belief, there is good ground to support it and that it has not been interposed for delay."

It is well established that under NRCP 56(c),[2] when there

---

[2]NRCP 56(c): "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

remains no material issue of fact to be resolved and when it appears the moving party is entitled to judgment as a matter of law, that summary judgment must be granted. McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); 3 Barron and Holtzoff, Federal Practice and Procedure § 1234, p. 119; 6 Moore's Federal Practice § 56.15, p. 2101.

In this case the parties agree that the appellant paid all of the claims against White except for the employer contributions due under the collective bargaining agreements. The appellant contends that there remains an issue of fact to be tried based on its office manager's affidavit asserting that all indebtedness for labor against White had been paid. This contention is completely without merit because the affidavit does not raise an issue of fact, but rather, states a conclusion of law.

After Tobler's answer was filed the only question of fact remaining was the mathematical computation of the amount due the respondents under the terms and conditions of the collective bargaining agreements. The statement and confession of judgment filed by White supplied the amount due. The question of law was whether the employer contributions provided for under collective bargaining agreements fall within the phrase "indebtedness for labor" in NRS 608.150.

The trial court was correct when it found the employer contributions to be indebtedness for labor and entered its order for summary judgment on behalf of the respondents.

In Genix Supply Co. v. Board of Trustees, 84 Nev. 246, 438 P.2d 816 (1968), a case involving the same respondents as here, this court held that employer contributions due under a collective bargaining agreement to the respondent constituted "wages" and were given priority under NRS 624.270(4), which provides, "A claim of any employee of the contractor for labor shall be preferred claim against such bond or cash deposit."

In United States v. Carter, 353 U.S. 210 (1957), the Supreme Court interpreting the Miller Act, 40 U.S.C.A. sec. 270a, et seq., said: "* * * The unpaid contributions were a part of the compensation for the work to be done by Carter's employees. The relation of the contributions to the work done is emphasized by the fact that their amount was measured by the exact number of hours each employee performed services for Carter. Not until the required contributions have been

made will Carter's employees have been 'paid in full' for their labor in accordance with the collective-bargaining agreements."

In Bernard v. Indemnity Insurance Co., of North America, (Cal.App.) 329 P.2d 57 (1958), the court held that the surety on bonds required to be furnished by a contractor under California statutes (See: WestAnn.Gov.Code. Secs. 4200–4208, 4204), and guaranteeing payment for any work or labor, was liable for payments required to be made by public contractor into union health and welfare fund under the terms of a collective bargaining agreement. At page 64, the court stated: "It is our conclusion that the contributions sought to be recovered are directly related to the work performed in the construction of the school project by the contractor. The amounts became due solely because the work was performed, and the sum is measured by the number of hours or work performed. The legislature intended to protect the laborer as to every element of his compensation, whether that compensation be an hourly wage, or whether it be an hourly wage plus other benefits, and the novelty of the health and welfare provisions of the contract does not in any way prevent the contributions therefore from being considered as payment for 'any work or labor' on the bonded project."

If employer contributions to a trust fund constitute wages for labor under NRS 624.270(4), by the same rationale employer contributions constitute an "indebtedness for labor" under NRS 608.150. The appellant relies on Nolop v. Spettel, 64 N.W.2d 859 (Wis. 1954), for the proposition that an indebtedness for labor includes only wages. In *Genix*, this court held that employer contributions under collective bargaining agreements are wages. NRS 608.150 is explicit and mandatory and needs no further interpretation. The trial court's order for summary judgment is sustained and the judgment below is in all respects, affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.