ANDREW J. MARCINKO, APPELLANT, *v.* HARRAH'S CLUB, A NEVADA CORPORATION, RESPONDENT.

No. 9064

March 2, 1978                                            575 P.2d 586

*Petersen and Petersen,* Reno, for Appellant.

*Vargas, Bartlett and Dixon,* and *Fred Starich,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Marcinko, a former employee of Harrah's Club, a corporation, instituted an action in the lower court to collect benefits allegedly due him pursuant to the Harrah's Club Past Sevice Pension Trust and the Harrah's Retirement Plan. Both the Pension Trust and the Retirement Plan were principally designed by Harrah's Club to defer compensation and to create tax advantages to respondent.

Both instruments were executed on April 13, 1970, and both subsequently amended on December 31, 1970. Each instrument referred to an Effective Date of July 1, 1969, and to a date on which the instrument was to qualify with the Internal Revenue Service. The Qualification Date of the Pension Trust was January 18, 1971, and that of the Retirement Plan was January 27, 1971.

Appellant was employed at Harrah's Club continuously from June 20, 1946, through December 15, 1970, at which latter date appellant voluntarily terminated his employment.

Subsequent to the approval of the Pension Trust and Retirement Plan by the Internal Revenue Service, appellant commenced this action claiming the benefits allegedly due him. Upon respondent's motion, the district court entered summary judgment and this appeal followed.

The sole question before us is whether appellant to be entitled to the benefits accruing from the Retirement Plan and Pension Trust must have been employed at both the Effective and Qualification Dates. We answer the question in the affirmative.

Appellant contends that his status as a Harrah's employee at the Effective Dates of the Pention Trust and Retirement Plan acquired for him a vested right to the benefits of those compensation plans. He argues that the effect of the Qualification Date was merely a defeasing condition subsequent negating all employee rights should the plan not receive IRS approval.

Respondent, in contrast, interprets the Qualification Date as an express condition precedent to the enjoyment of the plans' benefits. The principal focus to the resolution of this controversy entails an interpretation of sections 4.01 in both the Retirement Plan and the Pension Trust. It is these sections which appellant claims are ambiguous and thus give rise to an alleged vested right in the benefits.

Both sections had been amended after the stated Effective Dates but prior to appellant's termination of employment, however, appellant claims his rights had vested and that once so perfected could not be defeated by unilateral amendment to the deferred compensation instruments. This position obtains a particular saliency for appellant who concedes that the amended versions of the subject sections expressly require employment at both the Effective and the Qualification Dates.

Section 4.01 of the Pension Trust (unamended) provides:

> Each Employee of the Company who has been and, at the date this Plan becomes qualified with the Internal Revenue Service, continues to be employed by the Company at the Effective Date of this Plan, as provided in Article VII hereof, for a period of more than five (5) years shall become a Participant in this Plan as of the said Effective Date.

Section 4.01 of the Retirement Plan (unamended) similarly provides:

> Each Employee of the Company at the Effective Date of this Plan who has been and, at the date this Plan becomes qualified with the Internal Revenue Service, continues to be continuously employed by the Company, as determined in accordance with Section 6.07 hereof, for a period of two (2) years or more shall become a Participant in this Plan as of said Effective Date.

Appellant urges the Qualification Date as a defeasing condition. We disagree. Were the provision included solely as a defeasing clause, there would be no imperious necessity to require employment at the Qualification Date. A simple statement that the benefits conferred were subject to approval by the IRS would be all that was necessary. Inclusion of the phrase requiring employment at the Qualification Date suggests contemplation of further conditions.

We find the disputed sections to be plain and unambiguous, though somewhat awkward. We cannot place any construction on the wording of the Retirement and Pension Trust plans other than that employment is required not only at the Effective Date of the instruments but also at the Qualification Dates.

*Accord,* Frietzsche v. First Western Bank & Trust Co., 336 P.2d 589 (Cal.App. 1959); Bos v. United States Rubber Co., 224 P.2d 386 (Cal.App. 1950). Because appellant has not complied with both conditions, he cannot participate in the enjoyment of benefits derived from either deferred compensation plan. *Bos, supra;* 60 AmJur2d, § 76 at 953.

Appellant attempts to create a material dispute of fact by alleging that respondent constructively terminated him thereby prohibiting compliance with the requirement of employment at the qualification date. Appellant's affidavit fails to establish, much less reasonably suggest, the required breach of duty or bad faith on the part of respondent, necessary to support this theory. NRCP 56(e); Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975); Tobler and Oliver v. Bd. Trustees, 84 Nev. 438, 442 P.2d 904 (1968); Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676 (1962).

The district court's entry of summary judgment in behalf of respondent is affirmed.