**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS
HEALTH AND WELFARE TRUST;
TRUSTEES OF THE CONSTRUCTION
INDUSTRY AND LABORERS JOINT
PENSION TRUST; TRUSTEES OF THE
CONSTRUCTION INDUSTRY AND
LABORERS VACATION TRUST,
      *Plaintiffs-Appellees,*

v.

HARTFORD FIRE INSURANCE
COMPANY; HARTFORD ACCIDENT
AND INDEMNITY COMPANY;
RICHARDSON CONSTRUCTION, INC.,
      *Defendants-Appellants.*

No. 04-16546

D.C. No.
CV-98-1246-PMP

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted May 15, 2006
Submission Withdrawn, May 8, 2007
Resubmitted July 10, 2009
San Francisco, California

Filed August 24, 2009

Before: Alex Kozinski, Chief Judge, Raymond C. Fisher,
Circuit Judge, and Frederic Block,* District Judge.

*The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

11657

Per Curiam Opinion

**COUNSEL**

Theodore Parker, III, Parker, Nelson & Arin, Chtd., Las Vegas, Nevada, for the defendants-appellants.

Andrew S. Brignone, Adam P. Segal, Brownstein Hyatt Farber Schreck, LLP, Las Vegas, Nevada, for the plaintiffs-appellees.

**OPINION**

PER CURIAM:

Richardson Construction, Inc. served as general contractor for a number of Nevada public works projects. Hartford Fire Insurance Company and its related entities agreed with Richardson to serve as a surety on a number of statutorily required payment bonds. Richardson subcontracted some of the work to Desert Valley Landscape and Maintenance, Inc. (DVL). Pursuant to a collective bargaining agreement with Local 872,

DVL was supposed to make payments to certain trusts administered on behalf the union members. DVL never made the payments.

The trustees of the union's trust sued DVL under ERISA in federal district court. When DVL filed for bankruptcy, the trustees amended their complaint to add Richardson and Hartford as defendants. The trustees then obtained a default judgment against DVL. The district court granted summary judgment against Hartford and Richardson, holding them liable for DVL's default judgment, including the liquidated damages and attorneys' fees DVL owed under the collective bargaining agreement. Richardson and Hartford appealed.

The trustees sued Richardson under Nev. Rev. Stat. § 608.150, which makes general contractors liable for their subcontractors' nonpayment of labor and materials. They sued Hartford under Nev. Rev. Stat. § 339.035(1), which allows "any claimant who has performed labor or furnished material" under a bonded public works contract to bring an action on the bond to recover the amount due. Section 339.035(2) requires "[a]ny claimant who has a direct contractual relationship with any subcontractor of the contractor who gave such payment bond" to give the general contractor written notice of his claim before suing on the bond. Defendants argue the trustees failed to give Richardson notice.

The trustees admit they didn't provide notice, but argue that the notice requirement doesn't apply to them because they weren't in a "direct" contractual relationship with DVL. Because there was no Nevada caselaw on point, we certified two questions to the Nevada Supreme Court:

> 1. In order to recover against a defendant surety under Nev. Rev. Stat. § 339.035(1), must plaintiff trustees, who are not in a direct contractual relationship with the subcontractor, comply with the notice requirements of Nev. Rev. Stat. § 339.035(2)?

2. In order to recover against a defendant contractor under Nev. Rev. Stat. § 608.150 in a case where unpaid trust fund contributions are covered by a statutory payment bond, *see* Nev. Rev. Stat. § 339.025, must plaintiff trustees, who are not in a direct contractual relationship with the subcontractor, comply with the notice requirements of Nev. Rev. Stat. § 339.035(2)?

*Trs. of Constr. Indus. & Laborers Health & Welfare Trust* v. *Hartford Fire Ins. Co.*, 482 F.3d 1064, 1066 (9th Cir. 2007). The Nevada Supreme Court graciously accepted the referral and has now rendered an opinion, *Hartford Fire Ins. Co.* v. *Trs. of Constr. Ind.*, 208 P.3d. 884 (Nev. 2009). We thank the Nevada Supreme Court for answering our certified questions and proceed to resolve the case in accordance with its opinion**.**

[1] The Nevada Supreme Court decided that claimants must provide notice for claims against sureties under section 339.035(2), but that notice isn't required for claims against general contractors under section 608.150. *Id.* at 895. Thus, the trustees' claims against Richardson under section 608.150 didn't require notice, but their claims against Hartford under section 339.035 did and therefore fail for lack of notice.

[2] There are a few issues left in this appeal. First, the trustees contest our jurisdiction because defendants filed their notice of appeal under the wrong docket number. The district court mistakenly entered two identical judgments, one in this 1998 case and another in an inactive 2000 case. Defendants filed their notice of appeal listing the 2000 case's docket number. Federal Rule of Appellate Procedure 3(c)(1) requires a notice of appeal to specify the parties taking the appeal, the judgment being appealed from and the name of the court to which the appeal is taken. But Rule 3(c)(4) states that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal." Defendants' mistake may not be the

sort of "informality of form or title" the rule envisions, but including the correct docket number isn't one of the express requirements of a notice of appeal either. The mistake likely stems from the district court's error in issuing the judgment under an incorrect docket number. And defendants attached a copy of the judgment with the correct docket number to their notice of appeal, so it's unlikely the trustees were confused or otherwise prejudiced. We construe the notice of appeal as having been filed under the correct docket number. *See Le* v. *Astrue*, 558 F.3d 1019, 1024-25 (9th Cir. 2009).

**[3]** Second, defendants claim the district court didn't have supplemental jurisdiction over the trustees' state-law claims because the trustees' federal claim against DVL was never litigated. We review de novo whether the district court had supplemental jurisdiction. *See Hoeck* v. *City of Portland*, 57 F.3d 781, 784 (9th Cir. 1995). In a prior appeal in this case, we held the district court did have supplemental jurisdiction. *Trs. of Constr. Indus. & Laborers Health & Welfare Trust* v. *Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925-26 (9th Cir. 2003). We explained that "[t]he state law claims here are part of the same constitutional case as Trustees' federal claims" against DVL. *Id.* at 925. And we reasoned that, contrary to the defendants' assertions, "[t]he district court did not dismiss the federal claim in this case . . . . [I]t granted a default judgment in favor of the plaintiff. Far from determining that the federal claim was unfounded, the court's default judgment represents its determination that the federal claim was well-founded." *Id.* at 926. Our prior decision in this case is law of the case on defendants' challenge to the district court's supplemental jurisdiction.

**[4]** Third, the district court didn't err in holding Richardson liable for DVL's default judgment, as well as the liquidated damages and attorneys' fees due under the collective bargaining agreement. Whether Richardson is liable for the default judgment, liquidated damages and attorneys' fees is a question of law, which we review de novo. *Assoc. of Flight Atten-*

*dants* v. *Mesa Air Group, Inc.*, 567 F.3d 1043, 1046 (9th Cir. 2009). Under Nevada law, Richardson was liable for "the indebtedness for labor" incurred by its subcontractor. Nev. Rev. Stat. 608.150(1). Nothing in section 608.150 suggests that labor indebtedness doesn't include liquidated damages and attorneys' fees arising from a collective bargaining agreement. Richardson is therefore liable for the labor debts of its subcontractor, including liquidated damages and attorneys' fees. *See Tobler & Oliver Constr. Co.* v. *Bd. of Trs. of Health & Ins. Fund for Carpenters Local Union No. 971*, 442 P.2d 904, 907 (Nev. 1968) ("The legislature intended to protect the laborer as to every element of his compensation, whether that compensation be an hourly wage, or whether it be an hourly wage plus other benefits, and the novelty of the health and welfare provisions of the contracts does not in any wise prevent the contributions therefore from being considered as payments for any work or labor on the bonded project.") (internal quotation marks omitted). Moreover, Richardson should have been aware, based on section 608.150 and *Tobler*, that it would be liable for the labor indebtedness of its subcontractor. Although appellants could have challenged the default judgment against DVL at the time it was entered, they chose not to. Any objection to the amount of that judgment has therefore been waived.

[5] Fourth, the district court didn't err in rejecting defendants' equitable estoppel defense at the summary judgment stage. We review de novo the district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Hoeck*, 57 F.3d at 784. At a minimum, the defense of equitable estoppel requires "(1) the party to be estopped must be apprised of the true facts . . .; (3) the party asserting the estoppel must be ignorant of the true state of facts; [and] (4) he must have relied to his detriment on the conduct of the party to be estopped." *Cheqer, Inc.* v. *Painters & Decorators Joint Comm.,*

*Inc*, 655 P.2d 996, 998-99 (Nev. 1982). Defendants haven't alleged sufficient facts to support a rational inference that the trustees knew or should have known of DVL's failure to pay the trusts or that Richardson's alleged ignorance of DVL's delinquency was excused. Defendants assert that DVL's violations of the collective bargaining agreement were flagrant and obvious, so that the trustees knew or should have known about them. But if this is true, then defendants' alleged reliance on the trustees' silence was unreasonable, since defendants should also have been aware of such obvious delinquency. Defendants' equitable estoppel claim therefore fails as a matter of law.

**[6]** Finally, the district court didn't err in refusing to offset the judgment against Richardson. Whether Richardson is entitled to an offset is a question of law, which we review de novo. *See Schacter* v. *C.I.R.*, 255 F.3d 1031, 1033 (9th Cir. 2001). Richardson argued it settled an action brought by the Nevada Labor Commissioner over DVL's failure to make payments to the trust, so it is entitled to an offset based upon the amount of the settlement. But Richardson isn't entitled to an offset based upon its payment to an entity other than the trusts. *See Brogan* v. *Swanson Painting Co.*, 682 F.2d 807, 809 (9th Cir. 1982) ("[T]he employer's obligation to pay into the trusts is exactly what it contracted to do.") (internal quotation marks omitted).

The district court's judgment against Richardson is **AFFIRMED** and its judgment against Hartford is **REVERSED**. Each party shall bear their own cost.