**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 04 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK ZERBY, an individual; et al., | No. 13-56882 |
| Plaintiffs - Appellees, | D.C. No. 2:11-cv-06379-AG-RNB |
| v. | |
| CITY OF LONG BEACH; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

| | |
|---|---|
| R. S., a minor by and through his Guardian Ad Litem, Stephanie Sentell; et al., | No. 14-55338 |
| Plaintiffs - Appellees, | D.C. No. 8:11-cv-00536-AG-RNB |
| v. | |
| CITY OF LONG BEACH; et al., | |
| Defendants - Appellants. | |

| | |
|---|---|
| R. S., a minor by and through his Guardian Ad Litem, Stephanie Sentell and PAMELA AMICI, | No. 14-55339 |
| | D.C. No. 8:11-cv-00536-AG-RNB |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs,

and

MARK ZERBY,

Plaintiff - Appellant,

v.

CITY OF LONG BEACH; et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

Before: NOONAN, LUCERO**, and NGUYEN, Circuit Judges.

Doug Zerby was shot and killed by police officers working for the City of

Long Beach. When he was shot, Doug was playing with a nozzle attachment for a

hose; the officers purportedly thought the nozzle was a gun and that Doug aimed it

at one of the officers. Doug's parents, Mark Zerby and Pamela Amici, and his son,

R.S., (collectively the "Plaintiffs") brought actions, now consolidated, under 42

U.S.C. § 1983 and California's wrongful death statute. A jury found liability on

** The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

the § 1983 and the wrongful death claims. It awarded a verdict of $6.5 million in wrongful death damages and the district court awarded attorney's fees to the Plaintiffs. The City of Long Beach (the "City") appeals both awards. Despite failing to file a notice of cross-appeal, the Plaintiffs attempt to challenge the district court's denial of pain and suffering damages on their § 1983 claim. Mark timely cross-appeals to challenge the size of the attorney's fee award for Thomas Beck, one of his lawyers.

1. We have jurisdiction to hear the appeal as to all parties. Two actions were initially brought and assigned different docket numbers before consolidation in the district court: R.S. and Pamela brought one and Mark brought the other. The notice of appeal challenging the judgment was digitally filed only in Mark's case and not in R.S. and Pamela's case, preventing formal service on R.S. and Pamela. Such a mistake is similar to using the wrong docket number on the face of the notice of appeal. Because the intention to appeal as to all parties was clear on the face of the notice of appeal, and no prejudice resulted because R.S. and Pamela received inquiry notice, this mistake does not prevent us from exercising jurisdiction. *See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1128 (9th Cir. 2009).

2. The City's challenge to Pamela's and Mark's statutory standing under California's wrongful death statute was waived as to Pamela and forfeited as to Mark. *See Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1090 (9th Cir. 2012). For Pamela, the City expressly stated at trial that she had statutory standing. For Mark, the issue was forfeited because the City never raised it in the district court.

3. The City argues that the district court violated California's requirement that wrongful death damages be awarded by the jury as one lump sum and later apportioned between the plaintiffs by the judge. Cal. Civ. Proc. Code § 377.61. Although the lump-sum rule was violated and was not properly waived by the Plaintiffs, *Canavin v. Pac. Sw. Airlines*, 148 Cal. App. 3d 512, 536 (1983), the City cannot challenge a violation of the rule here, *Robinson v. W. States Gas & Elec. Co.*, 184 Cal. 401, 409–11 (1920), and it was not aggrieved by the rule's violation, *cf. Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981).

4. The City argues that the district court improperly excluded two factual interrogatories from the special verdict necessary to its qualified immunity defense. The City waived the issue because it did not object to their exclusion and, in fact, agreed to take out the factual interrogatories at issue during a preliminary discussion of the matter. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617

4

F.3d 1146, 1160 (9th Cir. 2010); *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 904 (9th Cir. 1997).

5. The City argues that wrongful death damages were improperly awarded on the § 1983 claim. *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc). The argument is unavailing because wrongful death damages were awarded based on the state law battery and negligence wrongful death theories, not on the § 1983 survival claims. To the extent the City attempts to overturn the award of attorney's fees by arguing that the Plaintiffs were not prevailing parties, 28 U.S.C. § 1988, the issue is waived because the City never disputed—and even admitted—the Plaintiffs' prevailing party status.

6. The Plaintiffs seek a remand to add pain and suffering damages to the judgment on the § 1983 survival claim, but failed to file a notice of cross-appeal to challenge their exclusion by the district court. We have the power to consider the issue because an intervening change in law during the pendency of the appeal, which occurred after the expiration of the deadline for filing a cross-appeal, allows us to excuse the cross-appeal requirement. *Lee v. Burlington N. Santa Fe. Ry. Co.*, 245 F.3d 1102, 1107–08 (9th Cir. 2001); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (altering law to definitively allow pain and

5

suffering damages in § 1983 survivor actions).  Nevertheless, weighing the factors articulated in *Lee* and *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1299 (9th Cir. 1999), we decline to consider Plaintiffs' cross-appeal concerning their § 1983 damages.

7.  Mark argues that the district court abused its discretion by lowering Thomas Beck's hourly rate from $750 to $300 and by decreasing the number of hours awarded by 18%.  The district court did not abuse its discretion.  A $300 rate was within the range of prior fee awards given to Beck and the decrease in hours is sufficiently explained by the duplicative presence of multiple lawyers alongside Beck during depositions and at trial.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–14 (9th Cir. 2008).

We **AFFIRM** the district court's judgment, challenged by the Defendants in appeal number 13-56882, including the award of attorney's fees, challenged by the parties in appeal numbers 14-55338 and 14-55339.  We **DISMISS** the Plaintiffs' cross-appeal concerning their § 1983 damages, which was raised in the briefs and not assigned a separate appeal number.