NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLEN CATHERINE ROZARIO, an Individual,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>KIM RICHARDS,<br><br>    Defendant-Appellee. | No. 15-56077<br><br>D.C. No.<br>2:14-cv-09540-AB-JPR<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted March 6, 2017[**]
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and EZRA,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Ellen Catherine Rozario appeals the district court's adverse rulings and damages calculation in granting her default judgment against Kim Richards. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

"In reviewing a default judgment, this court takes 'the well-pleaded factual allegations' in the complaint 'as true,'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)), "except those relating to the amount of damages," *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6), 55(b)(2)(B). Whether Richards is liable for default judgment or punitive damages is a legal question that this court reviews de novo. *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1129 (9th Cir. 2009). The district court's damages computation is reviewed for clear error. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016).

**1.** "Damages for emotional distress are inextricably related to the conduct causing that distress. The more aggravated the conduct, the larger the award of damages is likely to be." *Kardly v. State Farm Mut. Auto. Ins.*, 255 Cal. Rptr. 40, 43 (Ct. App. 1989). For this reason, "[t]he amount and severity of damages for emotional distress is a question of fact for the jury [or court] to decide based on all the evidence before it." *Id.* Although "the amount of damages must be

2

reasonable," there "is no fixed or absolute standard by which to compute [them]." *Plotnik v. Meihaus*, 146 Cal. Rptr. 3d 585, 596 (Ct. App. 2012) (quoting *Hope v. Cal. Youth Auth.*, 36 Cal. Rptr. 3d 154, 169 (Ct. App. 2005)).

Although the district court did not err by considering damages awarded for emotional distress in other dog bite cases, *see Reilly v. Cal. St. Cable R.R.*, 173 P.2d 872, 876 (Cal. Ct. App. 1946) (observing that "cases involving damage awards for similar injuries" are "continually resorted to by . . . courts as of some guidance"), it erred to the extent that the selection of cases appears to be arbitrary and unrepresentative. Moreover, these cases appear to be the sole basis for its award. Because "other somewhat similar cases furnish no precise or accurate bases for comparison," *id.*, "in the final analysis the question in each case must be determined from its own peculiar facts and circumstances." *Power v. Cal. St. Cable R.R.*, 126 P.2d 4, 5 (Cal. Ct. App. 1942).

The district court acknowledged Rozario's uncontested declaration, but it is unclear whether, and to what extent, the court considered her statements about the seriousness of her injury and its continuing impact on her. Further, to the extent the district court suggested that Rozario needed corroborating medical evidence, it was incorrect. The plaintiff's subjective account is sufficient where, as here, "the circumstances . . . make it obvious that a reasonable person would suffer significant emotional harm." *In re Dawson*, 390 F.3d 1139, 1150 (9th Cir. 2004).

3

The district court is of course free to reject Rozario's declaration, but under those circumstances the court should explain any adverse credibility finding. *See Lutz v. United States*, 685 F.2d 1178, 1186 (9th Cir. 1982).

The district court also erred by relying on damages awards in decades-old cases without accounting for the passage of time. In arriving at $4,000 for emotional distress damages, the district court appears to have simply selected a point somewhere between the two "guidepost" amounts in *Uva v. Evans*, 147 Cal. Rptr. 795, 800 (Ct. App. 1978) (reversing "grossly disproportionate" $30,000 award to plaintiff who required two weeks to heal from "dog bites on her right forearm and abdomen"), and *Smythe v. Schacht*, 209 P.2d 114, 119 (Cal. Ct. App. 1949) (affirming $1,500 award to 10-year-old plaintiff whose physical injuries required two months of treatment and whose nightmares and aggravated stuttering lasted six months). An award that was sufficient in a previous era may well be inadequate today.[1] For example, in a recent case where, as here, the owner "knew about [the dog's] propensities and the danger to others" and the dog "[w]ithout warning . . . attacked [the victim] . . . , biting [her] on her hand and body," the jury awarded the victim $75,000 for "past and future noneconomic loss (pain and

---

[1] Accounting for inflation, the $15,000 award held to be excessive in *Uva* would be worth approximately $110,000 today, and the $1,500 award upheld in *Smythe* would be worth approximately $15,000. *See* Bureau of Labor Statistics, Inflation Calculator, https://data.bls.gov/cgi-bin/cpicalc.pl.

4

suffering)." *Downing v. Flores*, No. B249498, 2014 WL 6640801, at \*1-2 (Cal. Ct. App. Nov. 24, 2014).

Moreover, in many dog bite cases, the plaintiff's past medical expenses amount to only a small fraction of the total damages awarded. *See e.g. Beck v. Farazmand*, No. B174081, 2005 WL 2667467, at \*1 & n.4 (Cal. Ct. App. Oct. 20, 2005) (victim incurred $2,916 in past medical expenses and was awarded $50,000 for pain and suffering, $50,000 for emotional distress, and $100,000 for permanent disfigurement to his face); *Ingenito v. Flores*, No. BC512219 (Cal. Super. Ct. Jan. 25, 2016) ($20,000 for dog bite victim's pain and suffering and $1,702 for past medical expenses); *Judge v. Rivera*, No. BC505023 (Cal. Super. Ct. June 18, 2015) ($2,500 for pain and suffering and $1,200 for past medical expenses); *Arnold v. Wollard*, No. 56-2014-00448979-CU-PO-VTA (Cal. Super. Ct. Feb. 6, 2015) ($85,000 for pain and suffering and $17,784 for past medical expenses).

Here, the amount of damages awarded for emotional distress was *less* than Rozario's past medical expenses. We recognize that the amount of damages is a factual matter decided by the district court in the first instance, and we express no opinion on the appropriate amount in this case. We reverse the award of emotional distress damages, however, because it was based on an incomplete analysis and, without further explanation, appears unusually low. On remand, the district court should reconsider the amount of damages in light of the evidence in the record.

**2.** We agree with Rozario that she alleged "outrageous" conduct to support her claim for intentional infliction of emotional distress. The district court found that Richards' only "actionable conduct" was "encouraging [Rozario] to pet the dog, representing the dog as an animal of 'sweet' and 'cuddly' behavior, and discouraging [Rozario] from contacting the paramedics following the dog attack." Richards not only encouraged Rozario to pet the dog, a large pit bull; she did so despite knowing that "the dog was dangerous and vicious" and "had previously bitten and attacked a person or persons," and she acted "with the intention to cause [Rozario] severe emotional distress." A defendant's knowledge of and failure to eliminate or warn about a danger to the plaintiff that was likely to and did result in physical injuries is sufficient to show outrageous behavior. *See Wilson v. S. Cal. Edison Co.*, 184 Cal. Rptr. 3d 26, 49 (Ct. App. 2015). We reverse the district court's contrary ruling.

**3.** We affirm the district court's decision not to award punitive damages. "[E]vidence of a defendant's financial condition is essential to support an award of punitive damages," and the plaintiff bears the burden of proving this element. *Adams v. Murakami*, 813 P.2d 1348, 1357 (Cal. 1991). Rozario's allegation that Richards is currently employed as a cast member of *Real Housewives of Beverly Hills* is insufficient to meet this burden. There is no evidence of Richards' salary

as a reality television star from which an inference might be drawn regarding her ability to pay punitive damages.[2]

We affirm the district court's holding that Richards is liable under the default judgment. We reverse the damages award and remand for the district court to recalculate the emotional distress damages. We affirm the denial of punitive damages.

Costs on appeal are awarded to appellant.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

[2] We note that under California law, where the record is "'completely devoid of any meaningful evidence' of [the] defendant's financial condition" and the "deficiency may be laid at the [defendant's] door," the plaintiff's failure to show the defendant's net worth is not a bar to punitive damages. *Green v. Laibco, LLC*, 121 Cal. Rptr. 3d 415, 424 (Ct. App. 2011). Rozario did not, however, present any evidence—such as a sworn statement regarding her efforts to obtain this information and the reason her efforts were unsuccessful—that the lack of evidence of Richards' financial condition "may be laid at [Richards'] door." *Id.*