NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL E. CLARK, | No. 16-15769 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-00141-JCM-PAL |
| v. | |
| ADRIAN GUERRERO; BRIAN WILLIAMS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Michael E. Clark, a former Nevada state prisoner, appeals pro se from the

district court's judgment awarding him $1.00 in nominal damages in his 42 U.S.C.

§ 1983 action alleging excessive force.  We have jurisdiction under 28 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Clark's request for oral argument, set forth in his opening brief, is denied.

§ 1291. We review de novo legal questions, such as entitlement to damages, *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1129 (9th Cir. 2009), and for clear error the district court's computation of damages, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). We vacate and remand.

The district court entered a default judgment against defendant Guerrero, but awarded only $1.00 in nominal damages. The district court concluded that the only evidence that Clark submitted in support of his damages claims was an affidavit, which did not include specific allegations of the injuries or the cost incurred in treatment. However, in support of his motion for a default judgment, Clark did provide some medical documentation in support of injuries. Moreover, the district court did not conduct an evidentiary hearing. *See Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) ("It is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation."). Because the record is unclear as to whether Clark may be entitled to additional damages, including punitive damages, and in light of Clark's pro se status, we vacate and remand for further consideration of Clark's damages. *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("[T]his court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some

2                                                        16-15769

assistance from the court, be able to satisfy.").

Although Clark contends the district court abused its discretion in granting the motion to withdraw, Clark has not shown that he is legally aggrieved by this order and therefore has no standing to raise this issue.

We reject as meritless Clark's contention that the district court erred in denying his discovery motions, and his allegations of judicial misconduct and bias.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**