333 F.3d 923
 TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; Trustees of the Construction Industry and Laborers Joint Pension Trust; Trustees of the Construction Industry and Laborers Vacation Trust; Trustees for the Southern Nevada Laborers Local 872 Training Trust, Plaintiffs-Appellants,
v.
DESERT VALLEY LANDSCAPE & MAINTENANCE, INC., Defendant, and
Hartford Fire Insurance Company; Rich Manuli, Jr.; Richard Manuli, Defendants-Appellees.
Construction Industry Pension; Construction Industry/Laborers Joint Trustees; Construction Industry/Laborers Vacation Trustees, Plaintiffs-Appellees,
v.
Hartford Accident & Indemnity Company; Hartford Fire Insurance Company; Richardson Construction, Inc., Defendants-Appellants, and
Rich Manuli, Jr.; M & H Enterprises, Inc., Defendants.
Trustees of the Construction Industry and Laborers Health and Welfare Trust; Trustees of the Construction Industry and Laborers Joint Pension Trust; Trustees of the Construction Industry And Laborers Vacation Trust; Trustees for the Southern Nevada Laborers Local 872 Training Trust, Plaintiffs-Appellants,
v.
Desert Valley Landscape Maintenance, Inc., Defendant, and
Hartford Fire Insurance Company; Rich Manuli, Jr.; Richard Manuli, Defendants-Appellees.
 No. 02-15152.
 No. 02-15204.
 No. 02-15831.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 2003.
 Order Filed June 23, 2003.
 Opinion Filed April 24, 2003.
 
 Adam P. Segal and Michael A. Kristof, Schreck Brignone, Las Vegas, NV, for the plantiffs-appellants-cross-appellees.
 Theodore Parker, III, Parker Nelson & Arin, CHTD, Las Vegas, NV, for the defendants-appellees-cross-appellants.
 Appeals from the United States District Court for the District of Nevada; Philip M. Pro, District Judge, Presiding. D.C. No. CV-98-01246-PMP.
 Before: KOZINSKI, GRABER and BERZON, Circuit Judges.
 
 ORDER AND OPINION
 ORDER
 
 1
 Appellants' request to publish the unpublished memorandum disposition is granted. The memorandum disposition filed April 24, 2003, as amended, is hereby redesignated an authored opinion by Judge Berzon and is filed concurrently herewith.
 
 
 2
 Appellees' panel petition for rehearing and petition for rehearing with suggestion for rehearing en banc are denied. No further petitions for rehearing will be entertained.
 
 OPINION
 
 3
 BERZON, Circuit Judge.
 
 
 4
 The district court dismissed the supplemental state law claims of the Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. ("Trustees") against Richardson Construction, Inc. and its sureties, Hartford Accident and Indemnity Company and Hartford Fire Insurance Company (collectively "Richardson"), for two reasons: It doubted that supplemental jurisdiction was constitutional and, to the extent that it was constitutional, declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) because it had previously granted default judgment in favor of Trustees on their federal claims. We review de novo the issue whether the district court had supplemental jurisdiction. See Hoeck v. City of Portland, 57 F.3d 781, 784 (9th Cir.1995). We review for abuse of discretion the district court's decision to decline supplemental jurisdiction. See Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1165 (9th Cir.2002). We reverse.
 
 
 5
 1. Supplemental jurisdiction is constitutional so long as the pendent state law claim is part of the same "case or controversy" as the federal claim. See Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir.2002); 28 U.S.C. § 1367(a) (providing "the district courts shall have supplemental jurisdiction over all other claims that are so related to [federal claims] that they form part of the same case or controversy under Article III"). Nonfederal claims are part of the same "case" as federal claims when they "`derive from a common nucleus of operative fact' and are such that a plaintiff `would ordinarily be expected to try them in one judicial proceeding.'" Finley v. United States, 490 U.S. 545, 549, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).
 
 
 6
 The state law claims here are part of the same constitutional case as Trustees' federal claims, filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3) (1999), against Richardson's subcontractor — Desert Valley Landscape and Maintenance, Inc. ("Desert Valley") — the entity that performed the work in question. The debt that Trustees seek to recover from Richardson under Nevada Revised Statute 608.150 is the same ERISA-related debt that Trustees also sought to recover from Desert Valley. Richardson planned to argue as part of its equitable estoppel defense that Desert Valley did not in fact owe any ERISA contributions. Thus, the issue of Desert Valley's ERISA obligations would have been part of the trial on Richardson's state law obligation to answer for Desert Valley's debts. Supplemental jurisdiction was therefore constitutional.
 
 
 7
 2. The district court also, in the alternative, invoked its discretion under 28 U.S.C. § 1367(c)(3) and declined to exercise jurisdiction.[1] To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity. See Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994).
 
 
 8
 Section 1367(c)(3) derives from Gibbs's admonition that "[n]eedless decisions of state law should be avoided." 383 U.S. at 726, 86 S.Ct. 1130; Executive Software, 24 F.3d at 1556 ("Subsection [sic] (c)(2) ... and (c)(3) ... are derived directly from Gibbs itself...."); H.R.Rep. No. 101-734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875. Gibbs recognized that a complaint making an "unfounded claim of federal right" might nonetheless provide a federal court the opportunity to determine an issue of state law. See Strachman v. Palmer, 177 F.2d 427, 433 (1st Cir.1949) (Magruder, C.J., concurring), cited in Gibbs, 383 U.S. at 726 n. 15, 86 S.Ct. 1130. Section 1367(c)(3) reflects this concern by expressly enabling federal courts to avoid determining an issue of state law when the federal claim, on which its jurisdiction rests, proves to be unfounded.
 
 
 9
 It is thus no surprise that our cases upholding the exercise of discretion under § 1367(c)(3) have all involved dismissals for failure to state a claim or a grant of summary judgment to the defendant on the federal claim. See, e.g., Bryant, 289 F.3d at 1165 (summary judgment for defendants on federal claim); Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir.2001) (Rule 12(b)(6) dismissal of federal claims). In each case, we held that it was appropriate for the district court to decline jurisdiction over the supplemental state claims because the federal claim had proven to be unfounded.
 
 
 10
 The district court did not dismiss the federal claim in this case. To the contrary, it granted a default judgment in favor of the plaintiff. Far from determining that the federal claim was unfounded, the court's default judgment represents its determination that the federal claim was well-founded. The simple fact that there was nothing left to litigate on the merits of that claim does not mean that claim was dismissed. As the federal claim here was not dismissed, the exercise of discretion was not authorized by § 1367(c)(3).
 
 
 11
 Further, even if the district court had the authority to exercise discretion and decline jurisdiction, it did not further the objectives of fairness and efficiency to do so. The district court permitted Trustees to amend their complaint to add the state law claim and then managed the case through another year of discovery, bringing the case into its third year. The court then granted partial summary judgment on the state claim, only to dismiss the case seven days before trial. Dismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources. The dismissal was therefore an abuse of discretion.
 
 
 12
 3. Trustees attack the clerk's award of costs to Richardson on several grounds. In light of our decision to reverse the district court's dismissal, there is no longer a final judgment to support that award. It is therefore vacated.
 
 
 13
 4. Richardson cross-appeals the district court's award of partial summary judgment as to damages in the state law claim. Where a district court erroneously dismisses a case on jurisdictional grounds, our precedents indicate that we should decline to exercise jurisdiction over prior substantive orders that would not themselves support a final judgment. See Jones-Hamilton Co. v. Beazer Materials & Servs., Inc., 973 F.2d 688, 693-94 & n. 2 (9th Cir.1992). We therefore do not reach the propriety of the partial summary judgment. Richardson may, of course, raise the issue in any later appeal of a final judgment on the merits in this case.
 
 CONCLUSION
 
 14
 The judgment of the district court is REVERSED and REMANDED. Award of costs VACATED.
 
 
 
 Notes:
 
 
 [1]
 Section 1367(c) provides that:
 The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
 As the district court purported to exercise the discretion conferred in subsection (c)(3), we limit our discussion to that provision.