Monica JOU, Plaintiff—Appellant,

v.

ACCURATE RESEARCH, INC.;
Eric Ho;  Cathy Wang Ho,
Defendants—Appellees.

No. 02–15076.

D.C. No. CV–00–20916–JF(PVT).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2003.

Decided Aug. 22, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Otto O. Lee, Intellectual Property Law Group, LLP, San Jose, CA, for Plaintiff–Appellant.

Kenneth B. Wilson, Stefani E. Shanberg, Perkins Coie, San Francisco, CA, for Defendant–Appellee.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

### MEMORANDUM**

Plaintiff Monica Jou brought this action against Defendants Accurate Research, Inc., and its owners Eric Ho and Cathy Wang Ho, alleging copyright infringement and various claims under state law. The district court granted summary judgment to Defendants on the ground that Plaintiff did not own valid copyrights to the software that Defendants allegedly infringed. Reviewing de novo, *Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999), we affirm.

A. *Works for Hire*

Plaintiff claimed sole ownership of the copyrights in the software as works made for hire. 17 U.S.C. §§ 101, 201(b).

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Applying the factors from *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), we agree with the district court that the creators of the work were independent contractors, not Plaintiff's employees. Therefore, Plaintiff cannot establish ownership of the software as works made for hire.

Plaintiff's staffers were highly-skilled computer programmers. The record does not show that Plaintiff retained the right to control the manner or means by which the programmers performed their work. During the last quarter of 1995, Plaintiff had an office, but most of the time Plaintiff and her staff worked out of Plaintiff's home. Plaintiff provided the computers on which the programmers worked, but often programmers worked from their own homes on their own equipment. Typically, Plaintiff hired people for short periods of time and for discrete projects. Plaintiff characterized the hours that the programmers worked as "flexible." Most compellingly, Plaintiff did not treat the programmers as "employees" for tax purposes. Except for a brief period in 1995, she did not withhold any taxes from the staffers' pay. Nor did she provide any employee benefits. Indeed, the record is unclear as to how Plaintiff paid the contributors; some staffers were not paid at all.

On this record, there remains no genuine issue of material fact.

### B. *Joint Authorship*

■ On appeal, Plaintiff alleges joint authorship of the software as an alternative ground for reversal. Liberally construing an oblique reference at oral argument on the summary judgment motion as sufficient to raise the issue below, we reject the argument on the merits.

Plaintiff claimed that she was the "sole author" or the "exclusive owner" of the software. In the copyright registrations, she noted that her exclusive authorship vested in the works as "works made for hire." By contrast, joint authorship requires that "putative coauthors make objective manifestations of a shared intent to be coauthors." *Aalmuhammed v. Lee,* 202 F.3d 1227, 1234 (9th Cir.2000). In the face of Plaintiff's repeated claims of exclusivity, she cannot demonstrate that she possessed a shared intent to be a coauthor. The record simply contains no such evidence.

### C. *Supplemental Jurisdiction*

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim. After deciding the federal claim adversely to Plaintiff, the district court concluded that declining jurisdiction over the remaining state-law claim would not "compromise considerations of judicial efficiency, convenience of the parties, fairness, and comity." We agree. *See Jinks v. Richland County, S.C.,* —— U.S. ——, 123 S.Ct. 1667, 1672, 155 L.Ed.2d 631 (2003) (rejecting constitutional challenge to 28 U.S.C. § 1367(d)). We have routinely upheld such decisions if the federal claim has proved to be unfounded. *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F.3d 923, 926 (9th Cir.2003). The district court's decision here is no exception.

AFFIRMED.