**Stephanie STUCKY, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF EDUCATION, State of Hawaii; Patricia Hamamoto, Superintendent; Ken Nomura, Complex Area Superintendent Catherine Kilborn, Principal, Defendants–Appellees.**

**No. 07–15527.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 20, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andre S. Wooten, Esq., Honolulu, HI, for Plaintiff–Appellant.

Deirdre Marie–Iha, AGHI–Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM **

The district court did not err when it granted summary judgment to the defendants on Stucky's Title VII retaliation claim. Contrary to Stucky's assertions, the last "protected activity" that she engaged in for purposes of her Title VII retaliation claim was the 2000 retaliation and discrimination complaint filed with the Hawaii Civil Rights Commission ("HCRC"). *See Davis v. Team Elec. Co.,* 520 F.3d 1080, 1093–94 (9th Cir.2008). The union grievances Stucky filed after 2000 do not qualify as protected activities because the record does not establish that they were lodged in opposition to Title VII violations. *See* 42 U.S.C. § 2000e–3; *Learned v. City of Bellevue,* 860 F.2d 928, 932 (9th Cir.1988) ("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."). Moreover, the initiation of the present lawsuit is not a protected activity for purposes of Stucky's retaliation claim in this case. In her complaint, Stucky did not allege that she was retaliated against for initiating the present lawsuit. As the district court noted, Stucky has filed a separate civil action in district court to address her contentions that she was retaliated against for initiating the present action.

The first act of alleged retaliation that Stucky points to took place in February 2005, that is, five years after Stucky's last protected activity. Even assuming that the alleged acts of retaliation qualify as adverse employment actions under the broad standard articulated in *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 67–70, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), Stucky has not made any showing of a causal link between her protected activities and the adverse employment actions taken by the defendants. *See Freitag v. Ayers,* 468 F.3d 528, 541 (9th Cir.2006). The five-year gap between Stucky's last protected activity and her first alleged act of retaliation is too long to substantiate Stucky's claims that she was retaliated against for engaging in protected activity. *See, e.g., Vasquez v. County of Los Angeles,* 349 F.3d 634, 646 (9th Cir.2004) (a thirteen month temporal distance is too long to support a causal link). Moreover, Stucky has not introduced any other "evidence of surrounding circumstances that show a retaliatory motive." *Id.* Finally, the fact that Stucky has other litigation pending is not sufficient evidence that defendants had a retaliatory motive. In sum, taking Stucky's factual allegations as true, and drawing all legitimate inferences therefrom in her favor, we conclude that Stucky has not established a "genuine issue[ ] of material fact" as to whether she was retaliated against in violation of Title VII. *Davis,* 520 F.3d at 1088.

The district court also did not err in granting summary judgment to the defendants on Stucky's Title IX gender discrimination claim. "[W]hen evidence to refute the defendant's legitimate explanation is *totally lacking,* summary judgment is appropriate even though plaintiff may have established a minimal *prima facie* case based on a *McDonnell Douglas* type presumption." *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1029 n. 8 (9th Cir.2006) (internal quotation marks omitted). Stucky succeeded in making a prima facie showing by adducing evidence that she was treated differently than a similarly situated male music teacher. However, once the defendants proffered legitimate,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

non-discriminatory reasons for this disparate treatment, Stucky failed to produce any evidence that the defendants' reasons were pretextual. *See Dominguez–Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir.2005) (to survive summary judgment, the plaintiff "must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination"). Although "[t]he same evidence can be used to establish a *prima facie* case *and* to create a genuine issue regarding whether the employer's explanations are pretextual," *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 870 (9th Cir.1996), here Stucky failed to introduce any evidence from which a reasonable jury could conclude that the defendants undertook the challenged employment actions because of Stucky's sex, *see Cornwell*, 439 F.3d at 1028. Accordingly, the district court did not err in granting summary judgment to the defendants on the Title IX claim. *See id.*

Finally, the district court did not err in declining to exercise supplemental jurisdiction over Stucky's state-law claims. District courts may exercise their discretion under 28 U.S.C. § 1367(c)(3) and decline to address pendant state-law claims after they have granted summary judgment to the defendant on the federal claims. *See Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir.2003).

**AFFIRMED.**