NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ESTHER ODIGWE, et al., *Plaintiffs/Appellants*,

*v.*

STONE OAKS APARTMENTS LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0595
FILED 5-17-2018

Appeal from the Superior Court in Maricopa County
No. CV2017-092530
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

Wyer Law PLLC, Gilbert
By Ian Wyer
*Counsel for Plaintiffs/Appellants*

Law Offices of Scott M. Clark, P.C., Phoenix
By Paul A. Henderson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1        Esther Odigwe, Ijeoma Odigwe, and Uzoma Odigwe (collectively, the "Odigwes") appeal the judgment dismissing their case with prejudice and awarding attorney's fees in favor of Stone Oaks Apartments, LLC, Mark-Taylor Residential, Inc., and Gina Camacho (collectively, "Stone Oaks"). Because the doctrine of claim preclusion bars the Odigwes' claims, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In August 2015, Chuks Odigwe ("Chuks") filed a complaint in superior court against Stone Oaks, alleging (i) violations of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988 and (ii) a claim for emotional distress. *Odigwe v. Stone Oaks Apartments, LLC*, Maricopa County Super. Ct., CV 2015-094208 (*Odigwe I*).[1] In November 2015, the superior court, *sua sponte*, dismissed the complaint without prejudice, concluding that issues based on a federal statute were more properly resolved in the federal district court. Later that month, Chuks filed the same complaint in the district court seeking actual, punitive, statutory, general, consequential, and incidental damages. *Odigwe v. Stone Oaks Apartments, LLC*, CV-15-02284-PHX-SPL (*Odigwe II*). On cross-motions for summary judgment, the district court dismissed the complaint in March 2017, explaining:

> Plaintiff alleges that he is a member of a "protected class" because of his "race, national origin and disability." . . . Plaintiff's current allegations are that Defendants charged him fees in addition to his rent. When he refused to pay

---

[1]        We take judicial notice of the record in *Odigwe I. See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (the superior court may take judicial notice of another action tried in the same court, and an appellate court may take judicial notice of anything of which the superior court could take notice).

certain fees, Defendants moved to evict him. The eviction was dismissed, the disputed fees were refunded prior to initiation of this action, Plaintiff signed a new lease in January 2016, and he still lives at the complex today. Plaintiff claims Defendants' behavior was intimidating, coercive, harassing, retaliatory, interfering, threatening, and humiliating. He claims Defendants are punishing him "for asking 'why' they are being charged for what they do not owe." . . . Because Plaintiff has failed to make any showing of his protected status, an element that he bears the burden of proof at trial, the Court will grant summary judgment in favor of Defendants.

(citations omitted).

¶3        In May 2017, Chuks and the Odigwes brought this action against Stone Oaks, alleging abuse of process, breaches of contract and the covenant of good faith and fair dealing, and emotional distress arising from the utilities-billing dispute and subsequent eviction action. They sought actual, punitive, statutory, general, consequential, and incidental damages. Stone Oaks moved to dismiss, arguing that (i) Chuks's claims were barred by claim preclusion and (ii) the Odigwes' claims were barred by issue preclusion. *See* Ariz. R. Civ. P. 12(b)(6). In the reply, Stone Oaks posited more broadly that claim preclusion barred all four plaintiffs' claims. The superior court granted the motion "for the reasons set forth in the memoranda of Defendants," entered final judgment dismissing the complaint with prejudice, and awarded Stone Oaks $1650 in attorney's fees. The Odigwes timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

### A.        We Review the Dismissal of a Complaint *De Novo*.

¶4        Generally, we review the superior court's dismissal of a complaint *de novo, Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012), assuming the truth of, and indulging all reasonable inferences from, the well-pled factual allegations, *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

¶5        Because we may affirm the judgment for any reason raised below and supported by the record, *see KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014), we first consider *de novo* whether the Odigwes' claims are barred by claim preclusion. *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009).

### B.     Claim Preclusion Applies to the Odigwes' Claims.

**¶6**        Federal law determines what preclusive effect a federal court's decision has on further state-court litigation. *In re Gen. Adjud. of All Rights to Use Water in the Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 13 (2006) (citations omitted). Under federal law, "[c]laim preclusion . . . bars a claim when the earlier suit '(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'"[2] *Howell*, 221 Ariz. at 546, ¶ 17 (quoting *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).

**¶7**        The first element examines whether the two suits arise out of "the same transactional nucleus of facts." *Howell*, 221 Ariz. at 546−47, ¶¶ 18−20 (analyzing tests articulated by the U.S. Court of Appeals for the Ninth Circuit). Although the legal theories differ here, *Odigwe II* and this action undisputedly arise out of the same transactional nucleus of facts and the claims asserted here could have been raised in the federal action.[3] *See id.* at 547−48, ¶¶ 21−25; *see also id.* at 548, ¶ 23 (damages allegations were the same in both suits). Claim preclusion applies and the case was properly dismissed. *See id.* at 548, ¶¶ 22−23 & n.8 (plaintiffs' tort claims and claims under the Arizona Constitution arose out of the same transactional nucleus of facts); *see also id.* at 549, ¶ 26 (plaintiffs' claims were barred by claim preclusion because they arose out of the same nucleus of facts and could have been raised in an earlier federal suit); *see generally Tr.s of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923 (9th Cir. 2003) (discussing supplemental jurisdiction under 28 U.S.C. § 1367).

---

[2]        Privity between a party and a non-party exists if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)); *see also Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 8 (1999) (privity requires both a "substantial identity of interests" and a "working or functional relationship," in which the non-party's interests "are presented and protected by the party in the litigation") (quotation omitted). The Odigwes do not dispute a final judgment on the merits was properly entered in the district court or that they are in privity with Chuks.

[3]        Appellants copied nearly all factual allegations from the *Odigwe II* complaint into the complaint here.

## CONCLUSION

**¶8** We affirm the judgment. Stone Oaks requests attorney's fees on appeal pursuant to "the lease contracts" and A.R.S. § 12-341.01. Regarding the former, Stone Oaks offers no supporting record citation; therefore, we deny the request. Regarding the latter, in the exercise of our discretion, we deny the request. We award costs to Stone Oaks upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA