FILED

NOT FOR PUBLICATION

JUL 13 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



REGENTS OF THE UNIVERSITY OF
CALIFORNIA, a California Corporation,

Plaintiff-counter-
defendant-Appellee,

v.

PAUL S. AISEN, et al.,

Defendants-counter-
claimants-Appellants.

No.    17-55307

D.C. No.
3:15-cv-01766-BEN-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted June 4, 2018
Pasadena, California

Before:  FERNANDEZ and CHRISTEN, Circuit Judges, and MARSHALL,[**]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Consuelo B. Marshall, United States District Judge for
the Central District of California, sitting by designation.

Defendants-Appellants Paul Aisen, et al. appeal the district court's order granting Plaintiff-Appellee Regents of the University of California's (UCSD) second motion to remand this matter to state court.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** In its order denying UCSD's first motion to remand, the district court concluded that although UCSD's original complaint did not include an express copyright claim, the complaint's assertion of "ownership of intellectual property and aggregated research data," in combination with the "assertion of work-for-hire ownership set forth in Plaintiff's state court arguments," "implicate[d] the federal Copyright Act and the work-for-hire doctrine." UCSD continues to vigorously dispute the district court's decision that it had removal jurisdiction to hear the case, but UCSD did not seek an interlocutory appeal of the district court's denial of its first motion to remand, and that issue is therefore not before this court.

Throughout this litigation, the district court adhered to its determination that it had subject-matter jurisdiction. For example, in its order granting in part and denying in part Defendants' motion to dismiss, the court observed that "there were allegations (and later, argument) in Plaintiff's original complaint that placed the

---

[1] Because the parties are familiar with the facts, we do not recite them here.

federal Copyright Act at issue." The same order observed that "[w]ith the filing of its amended complaint, [Plaintiff] has given its allegations a new complexion" by "mak[ing] clear that there is no claim of interference or infringement with copyright rights or privileges." The order rejected Defendants' argument that UCSD should be judicially estopped from "[n]arrowing [its] claims for relief now, to avoid a Copyright Act claim," and ruled that UCSD "will not be heard *going forward* to assert that Defendants have interfered with any of its copyright rights." The district court's decision to remand under 28 U.S.C. § 1367 was therefore consistent with its determination that UCSD initially invoked the Copyright Act, and with its later order foreclosing reliance on any such theory of recovery.

The court did not identify the event triggering dismissal as clearly as it might have, but we have no trouble discerning its intent. After ruling that UCSD would not be permitted to rely on copyright, the district court recognized that no federal-law claims remained and declined to exercise its supplemental jurisdiction over UCSD's state-law claims. In granting UCSD's second motion to remand, the district court expressly cited 28 U.S.C. § 1367(c)(3) as the basis for declining to exercise supplemental jurisdiction, indicating that the district court understood it "dismissed all claims over which it ha[d] removal jurisdiction." *See Trustees of Constr. Indust. & Laborers Health & Welfare Trust v. Desert Valley Landscape &*

3

*Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (observing that to decline jurisdiction under 28 U.S.C. § 1367(c)(3), a district court must first identify the dismissal that triggers the exercise of discretion).[2] The district court acted within its discretion by doing so. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).[3]

*JustMed v. Byce*, 600 F.3d 1118 (9th Cir. 2002), does not require a different result. The complaint in *JustMed* did not expressly assert a copyright claim or include an alternate basis for its assertion of ownership in software source code. We ruled that, by necessity, the Copyright Act's work-for-hire doctrine would be implicated in resolving the disputed ownership of the source code. *See id.* at 1124–25. UCSD's complaint contained separate allegations that assert claims of

---

[2]     The district court might instead have relied on 28 U.S.C. § 1367(c)(4), because the record supports the district court's express and implied findings that, although neither the original nor the amended complaints expressly included a claim arising from copyright, UCSD relied at least in part on copyright when it successfully sought injunctive relief in state court.

[3]     We do not endorse the district court's statement that remand was also appropriate because "[r]ather than forcing a party to continue litigating a theory it no longer wants and preventing the abandonment of weak claims, courts ought to encourage the paring away of flawed claims." This rationale could implicate the very sort of forum-manipulation tactics that the well-pleaded complaint rule seeks to discourage. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 456, 474 n.6 (2007); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).

ownership or right to possession based on state law. The burden of proving these claims on remand will be UCSD's.

**2.** Both parties undoubtedly expended substantial resources in federal court before the district court issued its order remanding the state-law claims.[4] We are mindful that very substantial effort has been expended preparing the motions that are currently pending, but we cannot say that the district court abused its discretion by determining that "the objectives of economy, convenience and fairness to the parties, and comity" weighed in favor of declining to exercise supplemental jurisdiction over UCSD's state-law claims. *Trustees*, 333 F.3d at 925.

**AFFIRMED**.

---

[4] Relatedly, the district court observed that UCSD's "change of position reflected in the amended complaint may support modifying the [state-court] injunction."