NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIKESHKUMAR AHIR; PINTUBEN NIKESHKUMAR AHIR; PAWANPUTRA 108, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES DEPARTMENT OF WATER AND POWER; RYAN TAGUINES; MATTHEW LUM; DOES, 1-10 Inclusive, <br><br> Defendants - Appellees. | No. 24-2268 <br><br> D.C. No. <br> 2:23-cv-05626-MWF-PVC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 8, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and BADE and SUNG, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Nikeshkumar Ahir, Pintuben Nikeshkumar Ahir, and Pawanputra 108 Inc. owned and operated the 108 Motel (the "Motel") in Los Angeles, California from December 2022 to September 2024. Defendants are the City of Los Angeles ("City"), the City's Department of Water and Power ("DWP"), City employees Matthew Lum and Ryan Taguines, and unidentified Doe individuals. Plaintiffs purchased the property from the prior owners, who had unsuccessfully challenged the City's 2018 revocation of a conditional use permit ("CUP") that allowed the Motel to operate. *See Akshar Glob. Invs. Corp. v. City of Los Angeles*, 817 F. App'x 301 (9th Cir. 2020) (*Akshar I*); *Akshar Glob. Invs. Corp. v. City of Los Angeles*, No. 22-55394, 2023 WL 2770821 (9th Cir. Apr. 4, 2023) (*Akshar II*).

Plaintiffs now challenge the City's 2023 physical closure of the Motel, arguing that the closure violates 42 U.S.C. § 1983 and the Fair Housing Act ("FHA") because, despite the 2018 CUP revocation, the City issued Plaintiffs a business tax registration certificate for the Motel in December 2022. Plaintiffs also seek mandamus review of the City's actions under California Code of Civil Procedure § 1094.5. The district court granted Defendants' motion to dismiss the federal claims in Plaintiffs' Second Amended Complaint ("SAC") and declined to exercise supplemental jurisdiction over the state law claim. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I.

"We review the district court's dismissal of the complaint for failure to state a claim and the legal issues it presents de novo." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1253–54 (9th Cir. 2013). "We accept as true all well-pleaded allegations of material fact but are not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* at 1254 (internal quotations and citation omitted).

"We review for abuse of discretion the district court's decision to decline supplemental jurisdiction." *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

## II.

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

---

[1] We grant Defendants' request at Dkt. 19 for judicial notice of two documents in the public record. *See* Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citation omitted).

The district court correctly held that the SAC failed to state a claim for constitutional violations based on the following: (1) First Amendment retaliation, (2) Fourth Amendment search and seizure, (3) Fifth Amendment takings, (4) Fourteenth Amendment substantive due process, and (5) Fourteenth Amendment procedural due process.

***First Amendment retaliation.*** The SAC fails to allege a plausible violation of Plaintiffs' First Amendment rights. Lum could not have extended the Motel's closure in retaliation for the filing of this lawsuit because the SAC does not allege that Plaintiffs submitted the necessary application to modify the prior nuisance abatement decision. *See* Los Angeles Municipal Code ("LAMC") § 12.27.1(E) (2009).

***Fourth Amendment search and seizure.*** The SAC does not allege any searches took place during Plaintiffs' ownership of the Motel, and Plaintiffs may not vicariously assert the Fourth Amendment rights of others. *See Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014). To the extent Plaintiffs base a seizure claim on the fencing and closure of the Motel in 2023, that action was clearly permitted by the accompanying abatement warrant.

***Fifth Amendment takings.*** The SAC fails to state a claim under the Fifth

4

Amendment Takings Clause. No claim may be based on the issuance of Plaintiffs' tax registration certificate because the certificate states on its face that it does not constitute a permit to operate the Motel. Additionally, Plaintiffs cannot plead either a per se takings claim, because the SAC fails to plead the City's appropriation of "private property for itself or a third party," *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 148 (2021), or a regulatory takings claim, because Defendants' purpose in closing the Motel was to abate a public nuisance, *see Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n.22 (1987).

***Fourteenth Amendment substantive due process.*** The Motel's closure did not violate Plaintiffs' substantive due process rights. Because the closure's purpose was to abate a nuisance, it was not "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (citation omitted). In addition, the City did not have a duty to secure the Motel after fencing it because the Fourteenth Amendment imposes a duty to protect individuals from third parties when the state restrains an individual's personal liberty, not an economic interest. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011).

***Fourteenth Amendment procedural due process.*** Plaintiffs' procedural due process challenges fail because all actions connected with the closure were authorized by the 2018 CUP revocation, which was upheld in the prior *Akshar I*

and *Akshar II* litigation.

### III.

The district court correctly dismissed Plaintiffs' FHA claim because the SAC's allegations are too conclusory to state a claim. There are no allegations of "statistics or other proof" that demonstrate a discriminatory impact.[2] *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997).

### IV.

Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim under 28 U.S.C. § 1367(c)(3) because it properly dismissed Plaintiffs' federal claims. *See City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010).

**AFFIRMED.**

---

[2] Because Plaintiffs fail to allege a constitutional or statutory violation, their arguments regarding municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and qualified immunity against the individual Defendants necessarily fail. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *Wood v. Moss*, 572 U.S. 744, 757 (2014).