

**FILED**

MAY 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL MULA, Jr., a California resident.
individually, and on behalf of the Ogier
Revocable Trust, together with the putative
Helene Mula-Stouky and Paul S. Mula Jr.
Trusts,

        Plaintiff - Appellant,

 v.

ALAN MULA, a California resident; the
estate of Paul Mula, Sr., a deceased resident
of California; HELENE MULA-STOUKY
TRUST, dated November 24,
1997; ESTATE OF PAUL MULA,
SR.; TERRY CAMPBELL, a California
resident and former counsel to Sarah Mula-
Ogier; KRISTOF BIORN, a California
resident and former counsel to Paul Mula,
Jr.; CRIST, SCHULZ, BIORN &
SHEPHERD, APC; KRISTOFER BIORN,

        Defendants - Appellees.

No. 23-3490

D.C. No.
5:21-cv-04540-BLF

ORDER

Before: VANDYKE and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[*]

The memorandum disposition filed on March 20, 2025 (Dkt. 102) is corrected

by the Memorandum filed concurrently with this order.

---

[*] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Judge VanDyke and Judge Johnstone have voted to deny the petition for rehearing en banc, and Judge Christensen so recommends. The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 40. The petition for panel rehearing and rehearing en banc (Dkt. 103) is therefore **DENIED**. No further petitions for panel rehearing or rehearing en banc will be allowed.

The panel has also unanimously voted to deny the request for publication (Dkt. 104). The request for publication is therefore **DENIED**.

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL MULA, Jr., a California resident. individually, and on behalf of the Ogier Revocable Trust, together with the putative Helene Mula-Stouky and Paul S. Mula Jr. Trusts,

        Plaintiff - Appellant,

 v.

ALAN MULA, a California resident; the estate of Paul Mula, Sr., a deceased resident of California; HELENE MULA-STOUKY TRUST, dated November 24, 1997; ESTATE OF PAUL MULA, SR.; TERRY CAMPBELL, a California resident and former counsel to Sarah Mula-Ogier; KRISTOF BIORN, a California resident and former counsel to Paul Mula, Jr.; CRIST, SCHULZ, BIORN & SHEPHERD, APC; KRISTOFER BIORN,

        Defendants - Appellees.

No. 23-3490

D.C. No.
5:21-cv-04540-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 12, 2025

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: VANDYKE and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[**]

Plaintiff-Appellant Paul Mula Jr. ("Mula") appeals the district court's dismissal of his action against remaining Defendant-Appellees Alan Mula, Terry Wallace Campbell, Kristofer Biorn ("Biorn"), and the law firm Crist, Schulz, Biorn & Sheperd APC.[1] In Count 1 of his Corrected Second Amended Complaint ("CSAC"), Mula alleges that Defendant-Appellees entered two Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, conspiracies—an original conspiracy and a cover-up conspiracy—to deprive him of assets allegedly left in trust to him by his deceased grandmother. Counts 2–7 of the CSAC allege various state law violations.

We have jurisdiction under 28 U.S.C. § 1964(a). We review *de novo* an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). We review for abuse of discretion both a district court's decision to dismiss a complaint with prejudice, *Benavidez v. County of San Diego*, 993 F.3d

---

[**]     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

[1]     Defendants Helene Mula-Stouky, Patricia Bye, Christina Weiss Smith, Robert E. Temmerman, and the associated law firms executed a Settlement Agreement and General Mutual Release with Mula on February 14, 2024, and are no longer parties to this action.

1134, 1141–42 (9th Cir. 2021), and decision to decline supplemental jurisdiction, *Trustees of Construction Ind. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). We affirm.

The district court did not err in concluding that Mula's RICO claim pertaining to the original conspiracy is barred by the statute of limitations. And although not addressed by the district court, we find that Mula's cover-up RICO claim is similarly time-barred. The statute of limitations for civil RICO actions is four years. *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). We follow the "injury discovery" rule, meaning the statute of limitations period "begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Grimmett v. Brown*, 75 F.3d 506, 510–11 (9th Cir. 1996) (internal citations omitted).

Mula alleges that two primary injuries form the basis of his RICO cause of action: first, the transfer of four pieces of real property out of the trust by grant deeds, and second, past legal expenses incurred in defending his interest in the trust. Though Mula first learned of the 2005 real property transfer in 2012, he argues he did not discover the 2006 Petition to Confirm Title to the real property— "a new and independent act" that actually caused his injury—until 2019. We disagree. The clock begins when appellant should have discovered the alleged

injury, *see Rotella v. Wood*, 528 U.S. 549, 555 (2000), and Mula's knowledge of the 2005 grant deeds was sufficient to put him on inquiry notice of the injury underlying his cause of action. And while Mula argues that past legal expenses may constitute a cognizable injury under civil RICO—an issue this Court has yet to address—the only legal expense Mula alleges in his CSAC is a $5,000 payment to Defendant-Appellee Biorn in 2012.

Mula's subsequent discovery of Defendant-Appellees' "widespread looting" of trust property does not constitute a "new and independent" act such that Mula experienced a "new" injury. *See Grimmett*, 75 F.3d at 514 (finding that acts part of the same corporate scheme are not "new and independent"). Moreover, because the CSAC fails to allege any non-conclusory allegations that Defendant-Appellees actively mislead him, Mula cannot rely on the doctrine of fraudulent concealment. *See id.* ("[t]he doctrine of fraudulent concealment is invoked only if the plaintiff pleads and proves that the defendant *actively* mislead her . . .") (emphasis in original) (citation omitted).

Accordingly, because Mula knew of the facts underlying his RICO claims in 2012, the statute of limitations had expired on both conspiracies pled in Count I when he filed his original complaint in 2021. *Pincay*, 238 F.3d at 1109.

The district court did not abuse its discretion when it dismissed Mula's case with prejudice. Leave to amend must be granted unless one or more of the

following factors is present: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendment; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court adequately explained that its decision rested on Mula's failure to cure the deficiencies in his RICO claim despite guidance from the court.

Finally, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Mula's state-law claims. The district court declined to exercise supplemental jurisdiction because the case was still at the pleading stage. This is not an abuse of discretion. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal law-claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citation and internal quotations omitted).

**AFFIRMED.**[2]

---

[2] Appellant's motion for judicial notice relies primarily on Wikipedia articles and thus fails to satisfy the standards promulgated by Federal Rule of Civil Procedure § 201. Accordingly, Appellant's motion for judicial notice, is DENIED. Because the lower court granted Defendant-Appellees' motion for judicial notice of the same documents now before this Court, the motions are DENIED AS MOOT.