NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH ESSAVI, Trustee of the Carasso Family Trust,

Plaintiff - Appellant,

v.

CITY OF LOS ANGELES, a municipal corporation; DOES, 1-10 Inclusive,

Defendants - Appellees.

No. 24-3336

D.C. No.
2:24-cv-00454-RGK-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 15, 2025[**]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Plaintiff Joseph Essavi, Trustee of the Carasso Family Trust and owner of the

Studio Lodge Hotel, challenges Defendant City of Los Angeles's ("City")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application of its Residential Hotel Conversion and Demolition Ordinance ("Ordinance"). The First Amended Complaint alleges various constitutional violations under 42 U.S.C. § 1983 and a state law claim seeking mandamus review under California Code of Civil Procedure § 1094.5. The district court granted the City's motion to dismiss the federal claims and declined to exercise supplemental jurisdiction over the state law claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Mudpie, Inc. v. Travelers Cas. Ins. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). "We accept as true all well-pleaded allegations of material fact but are not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted). "We review for abuse of discretion the district court's decision to decline supplemental jurisdiction." *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

To state a § 1983 claim, "a plaintiff must 'plead that (1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the

Constitution or federal statutes.'" *WMX Techs., Inc. v. Miller,* 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)); *see* 42 U.S.C. § 1983. The district court correctly held that Essavi's Complaint failed to state a claim for constitutional violations based on the following: (1) First Amendment right to petition, (2) Fourth Amendment right to be free from an unreasonable search, (3) Fifth Amendment right to be free from an unconstitutional taking, (4) Fourteenth Amendment right to substantive due process, (5) Fourteenth Amendment right to procedural due process, and (6) Fourteenth Amendment right to equal protection.

1.    Essavi does not allege a plausible violation of his First Amendment rights. The protections afforded by the right to petition "have been limited by the Supreme Court to situations where an individual's associational or speech interests are also implicated." *WMX Techs.*, 197 F.3d at 372. Essavi argues that the City retaliated against him with the intent to chill his speech by demanding to inspect the Hotel for compliance with the Ordinance. But he fails to specify a constitutionally protected activity, retaliatory action, or causal relationship between the two. *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

2.    Essavi fails to state a Fourth Amendment claim. A warrantless search "may be reasonable 'where special needs . . . make the warrant and probable-cause requirement impracticable,' and where the 'primary purpose' of the searches is

'[d]istinguishable from the general interest in crime control.'" *Verdun v. City of San Diego,* 51 F.4th 1033, 1038 (9th Cir. 2022) (alteration in original) (quoting *City of Los Angeles v. Patel*, 576 U.S. 409, 420 (2015)). Essavi does not allege how the search is unreasonable much less state the scope of the threatened search.

3. Essavi fails to allege a Fifth Amendment regulatory and physical takings claim. Essavi does not allege facts to support the "economic impact" of the Ordinance on the Hotel—for example, the impact of the 102 units being converted into residential units—or any interference with "investment-backed expectations." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538–39 (2005). Essavi also does not allege any facts to support that the Hotel may close or has closed. And, even if he did, that the closure of the Hotel would not constitute "a direct government appropriation or physical invasion of private property." *Id.* at 537.

Essavi argues, for the first time on appeal, that the Transient Occupancy Registration Certificate constitutes a license, and he is owed just compensation for its taking. Essavi forfeited this argument by failing to raise it in the district court. *See Rowland v. Watchtower Bible & Tract Soc'y of NY, Inc.*, No. 24-5196, 2025 WL 1860312, at *3 (9th Cir. July 7, 2025). Even if he did not forfeit this argument, the Certificate's enacting ordinance plainly states that the Certificate "does not authorize any person . . . to operate a hotel without strictly complying with all local applicable laws"—which would include the Ordinance here. Essavi's argument therefore fails.

4.      Essavi's substantive due process claim fails because the City's enforcement of the Ordinance and continued collection of the Uniform Transient Occupancy Tax from Essavi is rational. Because the Ordinance's purpose is to insure sufficient affordable housing stock, the City's actions were not "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Spoklie v. Montana*, 411 F.3d 1051, 1059 (9th Cir. 2005) (quoting *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)). And the City's simultaneous enforcement of the Ordinance and Uniform Transient Occupancy Tax is likewise not arbitrary or irrational, for it is well-established that money from illegal activities is taxable. *See United States v. Sullivan,* 274 U.S. 259, 263 (1927).

5.      Essavi's allegations are too conclusory to support a procedural due process challenge. Beyond alleging that the previous trustees did not receive notice, Essavi does not allege that the City's notice named the incorrect parties or listed the incorrect address. So Essavi only alleges the lack of actual notice, which does not constitute a denial of adequate procedural protections. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006) (holding that "[d]ue process does not require that a property owner receive actual notice" only that the government provide "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action'" (citing *Dusenbery v. United States*, 534 U.S. 161, 170 (2002); then quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950))).

24-3336

6. Lastly, Essavi's allegations are too conclusory to support an equal protection challenge. He does not allege that he is a member of a protected class. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Nor does he allege that the City intentionally singled him out for discriminatory treatment because the Complaint does not include allegations showing that other similarly situated hotels were treated differently. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

7. The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Essavi's remaining state law claim because it properly dismissed Essavi's federal claims. *See City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010); 28 U.S.C. § 1367(c)(3).

8. Finally, the district court did not abuse its discretion in dismissing Essavi's Complaint without leave to amend because Essavi fails to explain how he could amend his Complaint to correct the deficiencies in his Complaint or what specific allegations he would provide to assert a plausible claim of relief. *See Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) ("[A] district court does not abuse its discretion in denying leave to amend where the movant has . . . provided no satisfactory explanation for his failure to develop the new contentions originally."); *see also Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) ("We find that the district court did not abuse its discretion when it denied

Appellants' first request to amend the complaint because Appellants did not propose any new facts or legal theories for an amended complaint and therefore gave the Court no basis to allow an amendment.").

**AFFIRMED.**